## J. S. DAVIS v. W. S. GRAY.

(Case No. 5089.)

1. NEGOTIABLE NOTE — NOTICE.— One who receives a negotiable note, in the ordinary course of business, for a valuable consideration, executed by two or more, but with the understanding of the makers between themselves that it should not be delivered to the payee unless the signature of a third party was procured, can enforce its collection against those who signed it, unaffected by any such understanding, of which he had no notice.

2. FACT CASE.— See opinion for facts pleaded which were held not sufficient to charge the payee with notice of an understanding, as between the makers of a negotiable note, as to the terms on which it should be delivered.

APPEAL from Hays. Tried below before the Hon. L. W. Moore. The opinion states the case.

*Robert West, Wood & Ford* and *Sheeks & Sneed,* for appellant, cited: Pawling *v.* U. S., 4 Cranch, 219; Fletcher *v.* Austin, 11 Vt., 447; Ayres *v.* Wilson, 53 Mo., 516; People *v.* Bostwick, 32 N. Y., 380; Lovett *v.* Adams, 3 Wend. (N. Y.), 380; 1 Wait's Act. & Def., p. 367; Big. & Redf.'s Leading Cases on Bills and Notes, 603 *et seq.;* Brandt on Suretyship, sec. 354; Powell *v.* Haley, 28 Tex., 52; Smith *v.* Sublett, 28 Tex., 163; Briscoe *v.* Bronaugh, 1 Tex., 326; Parks *v.* Williards, 15 Smith (N. Y.), 384; Rogers *v.* Lewis, 8 N. H., 250; Davis *v.* Bigler, 62 Pa. St., 242; 3 Wait's Act. & Def., p. 451; Wade on Notice, sec. 31 *et seq.,* sec. 672· Barnes *v.* McClintock, 3 Penn., 67.

*Hutchison & Franklin,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— The note made the foundation of this action is negotiable in form; bears no evidence on its face that it ever was expected to be signed by any other persons than P. R. Turner & Co. and J. S. Davis, the appellant, and, if the averments of the answer are to be taken as true, was delivered by Turner & Co. to Gray, in the ordinary course of business, for a valuable consideration.

This being true, it must be held that any agreement between Turner & Co. and Davis, to the effect that the note should not be used unless Ellison and Kyle also signed it as sureties, cannot defeat the right of the plaintiff to recover on the note, unless it be shown that he had notice of the agreement between Turner & Co. and Davis.

The signing and delivery of the note by Davis to Turner enabled the latter to deliver it to Gray, who, in the absence of notice to the contrary, might rely upon the intention of all the parties whose signatures were on it, to make with him the contract which the note evidenced. Brandt on Suretyship, 354, 355; State *v.* Potter, 63 Mo., 212; Russell *v.* Freer, 56 N. Y., 67; Nash *v.* Fugate, 32 Gratt., 595; Ward *v.* Hockett, 30 Minn., 150; Jordan *v.* Jordan, 10 Lea (Tenn.), 124.

The only inquiry, then, in the case is, does the answer aver such facts as would amount to notice to Gray of the intention of Davis not to be bound by the note unless Ellison and Kyle also signed it as sureties; such facts as would put a prudent man upon inquiry?

We are of the opinion that the answer did not state such facts. It alleges that Hutchison prepared the note and was to pass on the sufficiency of the surety for Gray; that Hutchison proposed to take a note signed by Turner & Co., with Davis, Ellison and Kyle as sureties; that Turner took the note and signed it for his firm and also procured the signature of Davis thereto; that Ellison and Kyle declined to sign the note as sureties, after which Turner returned with the note to Hutchison and informed him that the matter could not be consummated because Ellison and Kyle had refused to sign the note, whereupon Hutchison proposed to receive the note as it then stood, to which Turner agreed and delivered the note, so far as appears from the answer, without notifying Hutchison of the fact that Davis had consented to be bound only in the event that Ellison and Kyle signed the note as sureties.

Facts thus stated were not sufficient as averments of notice to Gray; for it cannot be presumed that Hutchison had any knowledge of the agreement between Turner and Davis; and in the absence of something in the answer equivalent to an averment of that fact, it presented no defense to the action, and the court below properly so ruled.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered May 6, 1884.]