HERMAN FLOEGE v. F. C. WIEDNER.

No. 6560.

1. **Fact Case.**—See opinion for a statement of facts under which it was held that the verdict of a jury finding property subject to attachment should not be disturbed.

2. **Practice.**—It is not error for the district judge after the return of a verdict to ask the jury for which party they intended to find, with a view to preparing a verdict in form.

3. **Delivery—Sale.**—The sale of horses left at a livery stable by the owner is complete without actual delivery by the execution of a bill of sale, if they be placed under the absolute control of the purchaser.

4. **Trial of Right of Property.**—In trial of the right of property when the judgment is against the claimant, interest should be allowed upon the value of the property only from the date of the bond.

APPEAL from Comal. Tried below before Hon. T. M. Paschal.

The opinion gives a statement.

*W. R. Neal,* for appellant. — 1. If the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation; and after the jury had returned into court their verdict and the court had instructed the jury in the charge as to the form of their verdict, it was error for the court to ask the jury orally if they intended to find for Wiedner, and upon their answering affirmatively to order the jury to return a verdict prepared by the court. Rev. Stats., art. 1327; Anderson v. Webb, 44 Texas, 147; Kerr v.

Hutchins, 46 Texas, 384; Adams v. Cook, 55 Texas, 161; Campbell v. Evarts, 47 Texas, 102; Huyler v. Dahoney, 48 Texas, 234; Railway v. Snelling, 59 Texas, 116; Salinas v. Stillman, 25 Texas, 12; Whitlow v. Moore, Ct. App. C. C., sec. 1062.

2. On the trial of the right of property that has been attached it is competent for the claimants to show by the officer making the return that the recital in the return that he took possession of the property on a certain date is incorrect and made through inadvertance or mistake; and where such testimony has been admitted in evidence it is error for the court in a special charge to withdraw such evidence from the consideration of the jury, and to instruct the jury that the levy they were to act upon in this case is the levy made on the 3d day of January, 1887, there being no other levy in question; and such charge is on the weight of evidence and an invasion of province of the jury. King v. Russell, 40 Texas, 124; Ayres v. Duprey, 27 Texas, 599; Bryan v. Bridge, 6 Texas, 141; Martin v. Rice, 16 Texas, 160; Fleming v. Powell, 2 Texas, 225; Porter v. Miller, 7 Texas, 482; McKee v. Le Gette, 1 Ct. App. C. C., sec. 1145; Briggs v. Lane, 1 Ct. App. C. C., sec. 960.

3. The execution and delivery of a bill of sale is constructive delivery of possession of the personal property sold when the actual possession is in a third party, and it was error for the court to instruct the jury that a mere bill of sale was not constructive delivery.

4. The judgment is excessive in allowing interest on the 10 per cent damages from the date of the claim bond, when the statute allows interest only on the value of the property. 2 Sayles' Civ. Stats., art. 4843, and authorities cited.

*J. D. Guinn* and *C. D. Miller*, for appellee. — 1. The verdict of the jury is in accordance with the law, and the judgment is responsive to the verdict. Morgan v. Taylor, 32 Texas, 364; Benj. on Sales, sec. 675, note d; 2 Schoul. on Per. Prop., secs. 395, 397, 385.

2. Fraud on the part of appellant Floege and the attachment debtor Cox would render the sale to appellants of no effect as against appellee. Benj. on Sales, secs. 675, 502; 2 Schoul. on Per. Prop., sec. 616, note 6; 2 Kent, pp. 520, 532.

3. The court may direct an informal verdict to be reformed at the bar with the assent of the jury. Rev. Stats., art. 1326; McKean v. Paschal, 15 Texas, 37; Burditt v. Marshall, 3 Texas, 24.

4. The return of an officer is conclusive on parties to the record when collaterally called in question. Ayres v. Duprey, 27 Texas, 593; Meader Co. v. Aringdale, 58 Texas, 447; Swinson v. Snow, 10 Me., 263; Denny v. Willard, 11 Pick., 519.

HOBBY, JUDGE.— This is a statutory proceeding for the trial of the

right of property, originating in a Justice Court of Comal County. It resulted in a judgment on February 2, 1887, for the plaintiff, that the property was subject to his levy, and was valued at $175. The claimants appealed to the District Court of the county, where a trial was had upon the following issues: The plaintiff in attachment, F. C. Wiedner, alleged that the property belonged to T. H. Cox, who was indebted to him, and was in the possession of Cox's bailee at the time of the levy of the attachment. The claimants, Floege and Coreth, claimed that they were in possession, and that they had purchased the property from Cox in good faith prior to the levy. The jury returned a verdict to the effect that the claimants had failed to establish their right to the property, and judgment was rendered against them and their sureties for the value of the property ($150) and $14.15 damages, aggregating $164.15, with 8 per cent interest on $164.15 from the date of the bond, January 5, 1887. Claimants appeal.

The first error assigned is that "The verdict of the jury and judgment of the court are contrary to the law and the evidence, for the reason that the uncontradicted testimony of claimants shows that claimants purchased the property in controversy in good faith for a valuable consideration, without notice of appellee's claim, and took a bill of sale for the same prior to the levy of the attachment, and the evidence on this point is not conflicting." There was evidence that prior to the levy Cox was indebted to appellee Wiedner; that the attachment was sued out and levied.

The evidence upon this point was that the attachment was levied on the property, as shown by the officer's return, on January 3, 1887, but that this was an error, the levy having been made on the 5th of January, 1887. Prior to the levy and the purchase claimed by Floege and Coreth, Cox, the owner of the stock, left them with Eggeling, a livery stable keeper, to take care of. On the day of the levy, when advised of it, Cox said to the officer, "What if I can find a bill of sale for the stock." On the same day he took the officer to the claimant Floege and showed him a bill of sale for the property dated December 31, 1886. Cox was trying to sell the stock on the day of the levy and on the 3d day of January, 1887.

On the other hand there was evidence that Floege and Coreth, claimants, agreed to buy the property from Cox; that Floege and Cox agreed upon the terms, $110, on December 31, 1886, at which time the former paid $25 and assumed the payment of the livery stable bill and some others, and the bill of sale was executed of that date. These amounts assumed by claimants were paid subsequent to the levy. Floege says he told Cox at the time of the execution of the bill of sale that if he, Cox, could get more than $110 he could retain all over that sum. On the 2d of January he made final payment to Cox, and told Eggeling, the livery stable keeper, that the stock belonged to him. Eggeling did not accept Floege's prom-

ise to pay, but relied on his lien on the stock, and was holding the stock for Cox at the time the officer came to his stable on January 3, 1887.

We can not say that the jury were not authorized to find from all the facts and circumstances in the case that the property was subject to the, levy.

The next assignment is thus presented: "If the verdict is not respon-sive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further, deliberation; and after the jury had returned into court their verdict and the court had instructed the jury in the charge as to the form of their verdict, it was error for the court to ask the jury orally if they, intended to find for Wiedner, and upon their answering affirmatively to order the jury to return a verdict prepared by the court."

If there is any error sufficiently specified in the above we are unable to say from an examination of the bill of exceptions wherein the court erred. It fails to set forth the verdict which appellant says was contained in the: bill or made a part of it.

It would seem from the recitals in the bill of exceptions that the jury had returned an informal verdict, and that the court upon hearing or examining it asked if the jury intended to find for Wiedner, and upon an affirmative response being made he prepared a form as follows: "We the jury find that H. Floege and Coreth, the claimants, have failed to establish their right to the property herein, and also find the value of the same $150."

In the absence of something in the record to show that this action of the court was suggestive to the jury of the verdict they should find, we must presume that the verdict rendered was substantially the same, and that that prepared by or under the direction of the court was merely corrective of some informality. The objection seems to be that there was, error in the oral inquiry made by the court after the jury had returned into court the verdict, "whether they intended by the verdict to find for Wiedner," and upon the reply by the jury in the affirmative to order the jury to return a verdict prepared by the court. This would have been error if the court had in any manner directed the jury, or indicated in any degree through the medium of a form, what the character of the verdict should be. There is nothing in the bill of exception showing that this was done, and we can not presume it to have been done. Guided by the bill of exceptions, we can only safely infer from its recitals that the verdict first returned was not in proper form; that the question before stated was asked by the court and answered by the jury, and a verdict prepared in accordance with the finding of the jury. If an error was committed authorizing a reversal it is not made to appear satisfactorily, as it should be.

Appellants complain also that "the verdict of the jury is insufficient

to support a judgment, the jury finding that claimants have failed to establish their right to the property, and the attaching creditor assumed the burden of proof and undertook to show that the property belonged to Cox at the time of the levy, and on this last issue the verdict is silent."

The statement of facts shows that the burden of proof was assumed by plaintiff (appellee). There is no form prescribed by the statute regulating this proceeding for the verdict. If the verdict had been simply a finding for the plaintiff it would have meant nothing else but that the claimants had failed to establish their right to the property, which is the language of this verdict, and upon such failure, under article 4843, judgment is required to be entered upon the bond.

Certainly if, as the verdict states, the claimants failed to establish their rights, and as the record shows the burden of proof was on the plaintiff, it was because the latter had shown that the property did belong to Cox at the time of the levy.

If the return could have been contradicted in this case, the date on which the levy was made, as shown by the officer's return, was not an issue in the case. The return showed the levy to have been made on January 3, 1887. He testified that he made another levy on January 5, 1887. The court charged the jury that the evidence contradicting the return was withdrawn from their consideration, and that they would consider only the levy shown by the return.

The time of the levy was not an issue in the case, and it is evident from the officer's entire statement that he did levy on the property on the 3d of January, as recited in the return. What another levy was made for on the 5th of January is not made clear by the record. We do not see how it could have affected the result of the case.

It is claimed that the court erred in charging the jury "that the mere giving a bill of sale is not of itself either constructive or actual delivery." In the same connection the court instructed the jury that "where personal property is in charge of a third party, as where horses are in the care or custody of a livery stable keeper, and the owner sells them, and such sale is evidenced by a written bill of sale, an actual delivery is not necessary if they be put under the buyer's absolute power, or if the seller gives any opportunity of taking possession which the nature and situation of the property fairly demands."

There was no error, we think, in the charge complained of. While the giving of the bill of sale would have been a delivery of the stock as between the buyer and seller, it would not, under the facts of this case, amount to such delivery and affect the rights of third parties, where at the time of the sale it was in the hands of a bailee of the seller and nothing further was done to deliver the same.

The court also in this connection refused to charge the jury that an actual delivery of the property was necessary to pass the title. Consider-

ing the instructions together they presented the law of the case sufficiently. It is claimed by appellants that in this case it appears that the judgment in the District Court was for less than that obtained by the appellee in the Justice Court, and that the costs were erroneously taxed against the appellants; and although this amount (the costs) was remitted by appellee, the judgment should have been reformed so as to give appellants a judgment against appellee for the costs of the appellate court; and that the deduction of the specific sum, $15.30, from the judgment against appellants is not sufficient, because the obligors on their bond have the right to return the property levied on in satisfaction of the judgment.

This may have been true under the old law. Pasch. Dig., art. 5316; Mardis v. Johnson, 43 Texas, 225.

"Under the statute as it now is the judgment to be rendered is unconditional, but it may be satisfied by a return of the property," etc. Rev. Stats., art. 4845. This provision for a return of the property in no way controls the form of the judgment to be entered. It simply grants to the defendants in the judgment a means of satisfying the same otherwise than by paying it in money. Upon compliance therewith it is as fully satisfied as if it had been paid in money. Wrought Iron Range Co. v. Brooker, 2 Ct. App. C. C., sec. 231.

If the property is returned the judgment is satisfied. If not returned and it is discharged by payment in money, then the amount of costs complained of being deducted, no part of this objectionable sum is paid by the claimants.

It is also claimed that the judgment is excessive in allowing interest on the 10 per cent damages from the date of the bond, when it should have been on the value of the property. This involves the interest on $14.15 for a few months only at 8 per cent per annum.

This is true, and the judgment should, we think, be corrected so as to allow interest only on the value of the property, $150, from the date of the bond, January 5, 1887.

We think, therefore, as there is no other error in the record which requires the cause to be remanded, that the judgment should be reversed and here rendered as above indicated.

*Reversed and rendered.*

Adopted May 20, 1890.