**POTTS et al. v. BURKETT et al.** (No. 21.)

(Court of Civil Appeals of Texas. Eastland. Jan. 8, 1926. Appellants' Motion for Rehearing Denied Feb. 11, 1926.)

**1. Evidence** ⟨key⟩420(5)—**Sales** ⟨key⟩146—**Delivery of bill of sale may be shown to be conditional; no passing of title under conditional bill of sale until condition happens.**

A bill of sale, although delivered, may be shown to have been conditional, and in such case title will not pass until condition happens.

**2. Sales** ⟨key⟩215—**Sale complete without actual delivery of property.**

Ordinarily sale is complete upon delivery of bill of sale and payment of price without actual delivery of property.

**3. Sales** ⟨key⟩215—**Buyers' title under bill of sale not defeated by undisclosed intention of sellers.**

Where bill of sale for personal property was delivered without any agreement that it was to be conditional, and buyers paid consideration, contract was complete, and buyers had right to rely upon sellers' intention to make contract provided for in such bill, and its title could not be defeated by undisclosed intention of sellers therein that bill was to take effect only on happening of a future contingency.

**4. Assignments** ⟨key⟩114—**Buyers not released from liability for purchase price of oil by assignment of contract to corporation.**

Under contract for sale of oil, buyers *held* not released from personal liability for purchase price by assignment of contract to corporation.

**5. Assignments** ⟨key⟩114—**Assignor liable for contract obligations even after it is assigned.**

Assignor of a contract remains liable for performance of obligations which he assumed therein even after it is assigned.

**6. Assignments** ⟨key⟩114—**Agreement that contract may be assigned will not of itself release assignor.**

Agreement between parties that a contract may be assigned will not of itself release assignor, unless from circumstances it can be inferred that such release was intended.

**7. Assignments** ⟨key⟩109—**Assignee not bound for performance of contract obligations, unless expressly assumed by him.**

Assignee of contract is not bound for performance of its obligations, unless they are expressly assumed by him, but may be held for acts performed by him under such contract, but does not remain liable for performance of contract after he has transferred same, where he does not assume such obligations.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by John G. Burkett and others against M. W. Potts and others. From the judgment, defendant Potts and others appeal, and plaintiffs cross-appeal. Affirmed in part, and reversed and remanded in part.

Samuels & Brown and Lawrence Tarlton, all of Fort Worth, for appellants.

Gross & Zively, of Mineral Wells, for appellees.

Statement.

PANNILL, C. J. At a former day of this term the judgment in this case was reversed in part and affirmed in part. The affirmance resulted from our determination not to consider appellees' cross-assignments of error. Upon a further consideration of that mat-

---

ter we have concluded that we erred in refusing to consider such cross-assignments. The former opinion is withdrawn, and the following is substituted therefor:

Suit was brought below by appellants Burkett, Owens, and Wheeler against Johnson, Sonricker, Brazos Gasoline Company, a corporation, Potts, Wilson, Smith, and Jones. The suit was to recover the contract price of oil delivered to Sonricker and Johnson. The contract for the sale of the oil was made between appellees and appellant Potts, Wilson, Smith, and Jones, who assigned to the Brazos Gasoline Company. It in turn assigned to Johnson and Sonricker, and at the same time sold the last-named parties certain machinery and other personal property, reserving a lien on such property for $17,500 unpaid purchase money. Johnson and Sonricker, having defaulted, executed a reconveyance of said personal property to Brazos Gasoline Company. All these transactions were in writing. After these transactions were had, suit was begun, and an attachment sued out and levied on the personal property involved in the transactions between Johnson and Sonricker and the Brazos Gasoline Company. Johnson and Sonricker did not answer. Judgment was rendered against them by default, from which they prosecuted no appeal.

The trial was before the court without a jury. The court found that the reconveyance from Johnson and Sonricker to the Brazos Gasoline Company, of date June 4, 1923, was delivered to take effect upon the happening of a condition, which did not transpire; that, the contract providing for its assignment, Potts, Wilson, Smith, and Jones upon their assignment to Brazos Gasoline Company were released as a matter of law. Judgment was thereupon rendered against Johnson and Sonricker for the value of oil taken under the contract and foreclosing the attachment against Brazos Gasoline Company and Potts et al., and in favor of Brazos Gasoline Company and appellants Potts, Wilson, Smith, and Jones as to the plaintiffs' suit for personal judgment against such parties last named. Appellants Brazos Gasoline Company, Potts, Wilson, Smith, and Jones excepted to and gave notice of appeal as to that part of said judgment foreclosing the attachment only, and have, so far as they are able to do, limited their appeal to that portion of the judgment excepted to.

The plaintiff filed a motion to reform the judgment so as to include therein a personal judgment against all the appellants. To the overruling of this motion plaintiffs excepted and gave notice of appeal, but failed to file an appeal bond, and cross-assign error to the judgment in favor of all the appellants.

The finding of the trial court that the reconveyance from Johnson and Sonricker to Brazos Gasoline Company was conditional is predicated upon the testimony of the defendant Johnson, which testimony is as follows:

"I would not think that this transfer and assignment was unconditionally delivered to the Brazos Gasoline Company, because I considered this, however, unless I could have effected a reorganization I might as well have unconditionally delivered, but at the time I made these conveyances I felt that everything was satisfied, and that the business was in the proper way to reorganize. This assignment was made at the time the meeting was had of all interested in the Brazos Gasoline Company, together with Mr. Sonricker and myself and Mr. Zively were all in Samuel's office in Fort Worth, and at that time, in order to get back the property into the Brazos Gasoline Company, that we might take up with the state authorities to change the organization and reduce the capital stock, this conveyance was made back to the Brazos Company."

The reconveyance was in writing, and was unconditional, and recited that it is made in consideration of the cancellation and the release of C. F. Johnson and Geo. A. Sonricker from the payment of $17,500 unpaid purchase money above stated, and was delivered to said company.

### Opinion.

[1] It is the law that a bill of sale, although delivered, may be shown to have been conditional, and in such case the title will not pass until the condition happens. Floege et al. v. Wiedner, 77 Tex. 311, 14 S. W. 132; Poplin v. Brown, 200 Mo. App. 255, 205 S. W. 411.

[2] Ordinarily, the sale is complete upon delivery of bill of sale and payment of price without actual delivery of the property. Griffin v. Chubb, 7 Tex. 603, 58 Am. Dec. 85.

The above testimony of the witness Johnson does not show that there was ever any agreement between said Johnson and the Brazos Gasoline Company that said bill of sale to the latter was delivered to take effect upon the happening of a future event. His testimony as quoted shows only that he so considered it. So we have a case where a bill of sale is delivered without evidence as to any agreement between the parties that it is to take effect only upon the happening of a future contingency, and where the grantee in the bill of sale pays the consideration. In this case the Brazos Gasoline Company accepted this agreement in writing wherein they released Johnson and Sonricker from the payment of a debt amounting to $17,500. We do not believe that their title can be destroyed by the testimony of Johnson as to his undisclosed intentions.

[3] It is believed that, when Johnson and Sonricker executed and delivered to Brazos Gasoline Company the bill of sale in question, which was a completed contract, said company had the right to rely upon the intention of Johnson and Sonricker to make

with said company the contract provided for in said bill of sale, and its title cannot be defeated by the undisclosed intentions of the grantors in said bill of sale. Davis v. Gray, 61 Tex. 506; Solomon v. Merchants' etc., Bank (Tex. Civ. App.) 168 S. W. 1029.

[4, 5] The cross-assignments to the court's action in refusing to render judgment in favor of appellees against Potts, Wilson, Smith, and Jones on the contract sued on, and in holding that said parties were released as a matter of law by reason of their having assigned their contract, must be sustained. It seems clear that the assignor of a contract remains liable for the performance of the obligations which he assumed therein, even after it is assigned.

[6] The agreement between the parties that a contract may be assigned will not of itself release the party assigning it, unless from the circumstances an agreement, either express or implied, is to be inferred that such release was intended. No such issue is presented in this case.

[7] It is equally well settled that the assignee of a contract is not bound for the performance of its obligations, unless they are expressly assumed by him, but may be held for the acts performed by him under such contract. Such an assignee does not remain liable for the performance of the contract after he has transferred the same where he did not assume such obligations. Cauble v. Hanson (Tex. Com. App.) 249 S. W. 175; 5 C. J. p. 977, §§ 45, 171; 2 R. C. L. pages 625, 626; Harness v. Willis-Nichols Co. (Tex. Civ. App.) 251 S. W. 272.

The judgment of the trial court against Johnson and Sonricker and in favor of Brazos Gasoline Company will be affirmed. The judgment foreclosing the attachment against the Brazos Gasoline Company and in favor of appellants Potts, Wilson, Smith, and Jones is reversed and remanded for a new trial.

Except as above granted, the appellees' motion for rehearing is overruled.