## WESTERN OIL SALES CORPORATION v. BLISS & WETHERBEE et al.*
### (No. 250.)

(Court of Civil Appeals of Texas. Eastland. Feb. 4, 1927. Rehearing Denied March 25, 1927.)

1. Assignments ⬅114—Contracting party cannot by assignment relieve himself of contractual obligation.

Though contracting party has right to assign his contract, he cannot by assignment relieve himself of obligation thereunder.

2. Sales ⬅220—Refusal to deliver oil to buyer's assignee held not breach of contract, where delivery involved extending of credit to assignee and release of buyer.

Under contract between corporation and partnership, made binding on assigns, by which corporation agreed to take partnership's oil produced from certain leases for specified period, partnership could refuse to deliver oil to corporation's assignee, where delivery involved extending of credit to assignee and release of corporation as original contracting party.

3. Sales ⬅177—Refusal of one agreeing to purchase oil to recognize liability under contract after assignment of his interest held repudiation.

Corporation which agreed to purchase oil from partnership *held* guilty of breach of contract by refusing to be bound thereby after assignment, corporation having no right to relieve itself of obligations under contract by assignment.

4. Sales ⬅220—Where buyer after assigning rights under contract denied liability, sellers were not obliged to recognize breach by releasing buyer and accepting assignee's credit.

When corporation, which agreed to purchase partnership's oil, breached contract by denying liability thereunder after assignment, partnership was not obliged to recognize breach by releasing corporation and extending credit to assignee.

5. Sales ⬅384(7)—Diligence of sellers to save themselves from buyer's default did not require sale of oil to buyer's assignee who refused to pay contract price.

Where buyer after assigning rights under contract repudiated his original liability, sellers who refused to accept assignee's credit *held* not guilty of lack of diligence in attempting to save themselves from consequences of default by refusing to deliver oil to assignee who declined to take it at contract price.

Error from District Court, Eastland County; George L. Davenport, Judge.

Action by Bliss & Wetherbee and others against the Western Oil Sales Corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

Patterson & Grantham, of Cisco, for plaintiff in error.

Walter A. Nelson, of Fort Worth, and Scott W. Key, of Eastland, for defendants in error.

PANNILL, C. J. The parties will be designated as in the trial court. The plaintiffs Bliss & Wetherbee prevailed in their suit against the defendant Western Oil Sales Corporation for damages for the alleged breach of a contract for the purchase of oil. The defendant appealed. The trial was before the court without a jury. Conclusions of fact and law were filed by the trial court, and from these it appears that a contract was entered into between a partnership composed of McCamey, Sheerin, and Dumas and the Western Oil Sales Corporation, whereby the latter agreed to purchase from said partnership all the oil produced from certain specified leases owned by the partnership for a period of six months and to pay therefor the posted market price of the Prairie Pipeline Company, plus 25 cents per barrel premium. The contract contained a provision in effect that it should extend to and be binding on the parties, their heirs, executors, administrators, successors, and assigns. Performance was made by the defendant of its obligations under the agreement until June 6, 1923, on which date the defendant assigned to the American Oil Company the contract noted. Contemporaneously with this assignment, the defendant advised said partnership of the assignment and that thereafter said partnership should look to the American Oil Company for the payment of any oil delivered to them. The partnership of McCamey and others refused to recognize the defendant's right to be released from further liability for any oil thereafter delivered under the agreement, but averred a willingness to continue the delivery of oil under the contract with the understanding that said partnership would look to the defendant for payment and with this understanding was ready to make delivery of the oil to the defendant's said assignee. The Western Oil Sales Corporation refused to recede from its position that it should be no longer responsible for any oil delivered to the American Oil Company, and said partnership refused the offer of the American Oil Company to take the oil under its assignment. There is a specific finding of fact that McCamey et al. were at all times willing to deliver oil to the American Oil Company, provided the Western Oil Sales Corporation would acknowledge its liability under the original contract, and that because of this refusal of the defendant the said McCamey et al. did not deliver any oil to the American Oil Company, except on two occasions hereinafter more specifically referred to.

The partnership of McCamey et al. disconnected their lines from the pipe lines of the defendant which were then being operat-

ed by the American Oil Company. A few days later, the partnership of McCamey et al. made a contract with the American Oil Company for the delivery to it of oil upon the same basis of value as in the original contract, but in this agreement stipulated that it was not a waiver of any rights said partnership had against the defendant herein. A controversy then arose about the division order to be executed by the partnership and the American Oil Company, and because of the refusal of the partnership named to sign a division order confirming the sale of oil to the American Oil Company under the assignment, the company last named refused to take any more oil under the contract they had made with said partnership. Thereafter, the said partnership delivered such oil as the American Oil Company would take under an open division order and received therefor the current market price for oil. The said partnership of McCamey et al., on July 14th, assigned their interest in the contract to the plaintiffs herein Bliss & Wetherbee. Plaintiffs then delivered such oil as the American Oil Company would take from the latter, upon an open division order, stipulating that such actions did not waive any rights that plaintiffs may have had under the original contract between McCamey and others and the Western Oil Sales Corporation. •

The court concluded as a matter of fact that McCamey, Sheerin, and Dumas and their successors, the plaintiffs, used proper diligence in the management and sale of the oil and to save themselves from any further consequences of the Western Oil Sales Corporation's default, and that notwithstanding such diligence that the plaintiffs were damaged in the sum of $4,440.25. Based upon said conclusion of fact, the court concluded as a matter of law that the defendant had the right to assign its rights under the contract in question, but not its obligations thereunder without the consent of the other contracting parties, and that the plaintiffs and their assignors acted within their legal rights in refusing to deliver the oil to the American Oil Company as above shown. Further, that the acts of the Western Oil Sales Corporation set out in the findings of fact constituted a breach of said contract proximately causing damages to the partnership of McCamey et al. and plaintiffs in the suit in the amount stated.

A number of assignments are presented, which the defendant conceives to raise five legal points, and they are:

(1) That the contract was by its terms assignable and being so the partnership of McCamey et al. was not justified in refusing to deliver the oil as under the contract to the assignee.

(2) That not being justified in its refusal to deliver the oil to the defendant's assignee, that such refusal constituted a breach by the plaintiffs' assignors, and hence no damages can be recovered.

(3) That under the uncontradicted testimony that the defendant had furnished to the plaintiffs' assignor a purchaser who could and would have purchased and paid the contract price, and that the plaintiffs' assignor having refused to sell to said purchaser and thereby neglecting to exercise ordinary diligence to save themselves harmless from the default of the defendant, were precluded from a recovery.

(4) The fourth proposition relates to the refusal of the court to hear proof as to the term "posted market price," but has been abandoned.

(5) The fifth complains of the judgment as being contrary to the evidence, and is but a résumé of the first three propositions.

[1, 2] As viewed here, the controlling question which will be decisive of the appeal is whether the plaintiffs and their assignors, McCamey et al., were justified in refusing to deliver the oil to the American Oil Company under the original contract. The trial court concluded as a matter of law that the defendant had the right to assign its contract but not the right to be relieved of its obligation thereunder. This is deemed to be a correct proposition and is in effect what was held by this court in the case of Potts v. Burkett, 278 S. W. 471.

It is true that the plaintiff in error did furnish a purchaser who was ready and willing to purchase the oil at the price specified in the original agreement, but if the acceptance of such a purchaser involved a sale to it on credit and a release of the Western Oil Sales Corporation from its obligations, then it appears that the partnership of McCamey et al. were well within their legal rights in refusing to deliver the oil to the American Oil Company under the original agreement.

In Menger v. Ward, 87 Tex. 622, 30 S. W. 853, the Supreme Court held that:

" 'Rights arising out of contract cannot be transferred if they involve a relation of personal confidence, such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided.' "

In Magnolia Petroleum Co. v. Havoline Auto Supply Co. (Tex. Civ. App.) 172 S. W. 759, it was decided that—

"A contract to sell to a certain retailer such gasoline as he shall need for his business, within certain limits, for a year, on thirty days' credit from date of invoices, involves personal credit, trust, and confidence, and so is not assignable by the buyer without the consent of the seller."

In Cauble et al. v. Hanson (Tex. Com. App.) 249 S. W. 175, the decision was that where a lessor consents to the assignment of a lease and accepts the assignee as his tenant that there arises a question of fact as to whether,

from the circumstances, it can be inferred that the lessor intended to release the original lessee and accept, as a substitute for his obligation to pay the rent, the promise of his assignee.

It is therefore concluded that McCamey et al., and the plaintiffs as their successors, were justified in refusing to deliver the oil to the American Oil Company under their assignment from the Western Oil Sales Corporation, when to do so involved both the extending of credit to the assignee and the release of the defendant as the original contracting party.

[3] The defendant breached its contract by insisting that it would no longer be bound thereby after the assignment, thus, in effect, repudiating it. Moore v. Jenkins, 109 Tex. 461, 211 S. W. 975.

[4] McCamey et al. were not obligated to recognize that breach and thus, in effect, rescind the original contract as between the original parties thereto, and their act in refusing to recognize the American Oil Company as the assignee, with the condition attached to that assignment by the defendant, did not constitute a breach of the contract, nor were they bound to sell the oil to the American Oil Company as assignees when the same involved an extension of credit.

[5] The conclusion follows that the court's finding of fact that plaintiffs and their assignors acted with diligence in attempting to save themselves from the consequences of their adversary's default is correct because the American Oil Company refused to take the oil at the contract price, unless their right to do so as assignee of the Western Oil Sales Corporation was recognized by the plaintiffs, and such recognition would raise a question as to the release of the Western Oil Sales Corporation.

The findings of fact and conclusions of law of the trial court are approved, and the judgment is affirmed.