**HALL v. ARNETT et al.**

No. 3300.

Court of Civil Appeals of Texas. Amarillo.

Nov. 20, 1929.

Rehearing Denied Dec. 4, 1929.

Cooper & Lumpkin, of Amarillo, for plaintiff in error.

E. O. Northcutt, of Amarillo, for defendants in error.

JACKSON, J.

This suit was instituted in the county court of Potter county, Tex., by Margaret Arnett, joined by her husband, John Arnett, plaintiffs, to recover the sum of $351.85 for the alleged fraud and breach of a contract by Kathaleen F. Hall, the defendant.

Plaintiffs allege: That about the 27th day of June, 1926, Paul Clark was the owner of the S. W. ¼ of the N. W. ¼ of section 172, in block 2, A. B. & M. survey, in Randall county, Tex., subject to the payment of four vendor's lien notes, each in the sum of $10,-000, due and payable on or before three, six, nine, and twelve months after their respective dates, June 16, 1926. That prior to June 27, 1926, Paul Clark designated said land as the Gables addition No. 1, and platted same into lots, blocks, streets, and alleys, and dedicated the streets and alleys to the city of Amarillo. That about June 27, 1926, Paul Clark entered into a written contract with Ilet Williams, by the terms of which Clark agreed to sell and Williams agreed to buy lot 4 in block 11 of said Gables addition for the sum of $600, $85 of which was paid upon the execution of the contract and the remainder to be paid in equal monthly installments of $15 each. The first installment was made due and payable on or before the 27th day of July, 1926, and one installment was made due on the 27th day of each and every month thereafter. That said contract provided for 8 per cent. interest, payable quarterly on all unpaid installments. That Clark obligated himself to convey said lot 4 to Ilet Williams by general warranty deed upon the payment of 50 per cent. of the purchase price and to furnish an abstract showing said property free and clear of all incumbrances except general taxes for the year 1926 and such liens as were created against the lot by the purchaser. That by the terms of said contract Clark promised and agreed that he or his assigns would, within six months from July 1, 1926, begin the installation of public improvements, consisting of lights, water, gas, telephone, and graveled streets. That about October 4, 1926, Ilet Williams, for a good and valuable consideration, transferred and assigned all his right, title, and interest in said lot and contract to the plaintiff Margaret Arnett, who was at that time Margaret Witt. That about August 31, 1926, Paul Clark, by his general war-

·ranty deed, conveyed to the defendant said Gables addition, including lot 4 that had been sold to Ilet Williams. That, after said deed ·of conveyance, the defendant accepted from the plaintiffs the installment payments for said lot under the contract between Williams and Clark, and, with full knowledge of the ·obligations incumbent upon Clark, promised and agreed in writing to carry out all the terms of 'the contract between Clark and Williams, and thereby became legally obligated and bound to perform the obligations imposed on Clark by said contract. That, if she did not expressly agree in writing to carry out the obligations imposed upon Clark ·by said contract, she accepted the payments made by plaintiffs, and has retained all her rights under and by virtue of said contract, and is in equity and good conscience estopped to deny plaintiffs' rights.

Plaintiffs allege that the defendant never, in good faith, commenced the installation of public improvements and did not at the time she purchased the land or accepted plaintiffs' money or at the time she promised plaintiffs that she would keep and carry out all the terms of said contract of purchase and sale, have any intention of performing such obligations and has expressly stated that she would not do so.

Plaintiff alleges that she has complied with all the terms and conditions of the contract .assigned to her by Ilet Williams and has paid the installments and interest according to its terms · amounting to more than 50 per cent. of the purchase price of the lot; that she has made repeated demands that the defendant furnish her an abstract showing good and merchantable title in and to said lot 4 and execute to her a warranty deed, retaining therein a lien for the payment of the balance of the unpaid installments, as the contract requires, all of which the defendant has failed and refused to do.

, Plaintiff attaches to her petition a copy of the contract between Clark and Williams and a copy of the assignment thereof to plaintiff, which contains the terms and provisions alleged by plaintiff and in addition thereto provides that all moneys paid thereon by the purchaser are to be refunded if title is not good and merchantable.

The defendant answered by general denial, attacks the jurisdiction of the court, urges ·numerous exceptions, and specially denies that she ever promised and agreed to carry out the obligations of the contract between Clark and Williams, and says that, if the improvements have not been placed upon the property as agreed, such failure and breach was made by Clark, and plaintiff's cause of action, if any, is against him and not this defendant. The defendant denies that plaintiff , ever complied with her contract and ever demanded abstract of title according to the con-

tract, and alleges that she furnished an abstract to the plaintiff and executed a warranty deed to her in compliance with the contract, all of which the plaintiff failed and refused to accept.

The defendant admits that about the 31st day of August, 1926, Clark conveyed to her by warranty deed the property platted as Gables addition, subject to a lien of $40,000, and by contract Clark promised and agreed with the defendant to complete the improvements, install water, lights, gas, and telephone, and to gravel the streets in said addition; that, to guarantee the completion of said improvements, the defendant deposited $16,359.98 of the consideration she was to pay for the addition in the First National Bank of Amarillo, Tex., to be paid to Clark for labor and material when and as such improvements were completed.

The pleadings of both parties are rather lengthy, but we consider the above statement thereof sufficient for the disposition of this appeal.

The case was tried to the court without the aid of a jury, and judgment rendered for the plaintiffs against the defendant for the sum of $351.85, with interest from the date thereof at the rate of 6 per cent. per annum until paid, from which judgment, by writ of error, the defendant, hereinafter called appellant, prosecutes this appeal.

The appellant, by numerous assignments, presents as error the action of the trial court in rendering judgment against her for all the moneys paid by appellees, because the uncontroverted testimony discloses. that some of the payments made by appellees on the lot were made to Clark and not made to appellant, and, inasmuch as appellant did not assume the obligations imposed on Clark by the contract of sale under which appellees claim, the appellant would in no event be personally responsible for the amount Clark received in money under the contract.

The record discloses that the appellant purchased the Gables addition from Clark subject to an outstanding vendor's lien securing notes aggregating $40,000, but that she did not assume the payment of such obligations. The record also discloses that in the purchase of the Gables addition she did not assume in writing the obligations Clark had entered into with the purchaser of lot 4, to install water, gas, lights, and telephones, and to gravel the streets, but by contract bound Clark to complete such improvements, for which she was to pay, and did pay, $16,359.98, which was a part of the consideration she was to pay for the Gables addition; that, as a part of the transaction between Clark and appellant, he transferred and assigned to her all his rights in the contract for the sale of lot 4 involved in this controversy. The testimony fails to show that the appellant, in writing,

assumed the obligations imposed upon Clark by the contract under which appellees made payments.

The appellees did not allege that appellant had impliedly promised or agreed to assume the obligation of installing water, gas, lights, and telephones in said Gables addition, and to gravel the streets thereof, but pleaded that appellant assumed such obligation in writing, and hence, in order to recover, it was necessary for appellees to prove that appellant assumed such obligations in writing. "It is well settled that, if a plaintiff declares on an express contract, he cannot recover on an implied contract." Shelton et al. v. Lemmon et al. (Tex. Civ. App.) 268 S. W. 177, 178; Kelly et al. v. Rozelle (Tex. Civ. App.) 294 S. W. 699.

The contract between Clark and Williams was bilateral and executory, granted rights and imposed duties and obligations on each party thereto. Clark, in the assignment to appellant of the contract for the purchase and sale of lot 4, made between him and Williams, assigned to appellant all the right and interest that Clark had in said contract and all of the unpaid installments, but appellant did not assume the obligations imposed on Clark by his contract with Williams.

"The agreement between the parties that a contract may be assigned will not of itself release the party assigning it, unless from the circumstances an agreement, either express or implied, is to be inferred that such release was intended. * * * It is equally well settled that the assignee of a contract is not bound for the performance of its obligations, unless they are expressly assumed by him, but may be held for the acts performed by him under such contract." Potts et al. v. Burkett et al. (Tex. Civ. App.) 278 S. W. 471, 473; Cauble v. Hanson (Tex. Com. App.) 249 S. W. 175, 179; 5 C. J. p. 976, § 169; 2 R. C. L. 625, 626; Harness v. Willis-Nichols & Co. (Tex. Civ. App.) 251 S. W. 272.

"Appellant claims to be the assignee of the claim sued on. If it is such, it is not liable personally for damages occasioned by its assignor upon breach of the warranty." A. S. Cameron Steam Pump Works v. Lubbock Light & Ice Co. (Tex. Civ. App.) 167 S. W. 256, 261. See, also, Williston on Contracts, vol. 1, p. 762, § 412.

Under the record in this case and the above authorities, we are of the opinion that the appellant is not personally liable to the appellees for the amount of money paid by appellees to Clark, but is liable to appellees for the amount paid by appellees to appellant. The record discloses that the contract was assigned by Clark to appellant on the 25th day of August, 1926, and that from that date appellant was entitled to receive all of the installment payments on the lot involved in this controversy; that each installment was in the sum of $15 and to be paid monthly; that after August 25, 1926, fourteen installments of $15 each were paid by appellees; that after said date interest aggregating the sum of $41.85 was paid. Under the record, the appellant was entitled to receive these payments, which amount to $251.85, and the testimony is sufficient to authorize the conclusion that said sum was paid to and received by appellant on the lot in controversy.

The original opinion reversing the judgment of the trial court in this case is withdrawn, and such judgment is reformed so as to allow the appellees to recover the sum of $251.85, and, as reformed, the judgment is affirmed.