Marian S. ROSEN et vir, Appellants,

v.

GREATER MOUNT OLIVE BAPTIST
CHURCH et al., Appellees.

No. 4577.

Court of Civil Appeals of Texas.

Waco.

Dec. 29, 1966.

Clyde W. Woody, Houston, for appellants.

James S. Robinson, Marvin Lewis, Dallas, John Peace, and J. B. Langham, San Antonio, for appellees.

OPINION

WILSON, Justice.

Appellant-plaintiff relies, in this non-jury plea of privilege case, on Subd. 4 of Art. 1995, Vernon's Ann.Civ.St.

■ Among the venue facts necessary to be established by plaintiff under this subdivision in order to hold venue in the county of suit against a nonresident's plea of privilege is that plaintiff has in fact a cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302.

Appellant urges that she pleaded a joint or intimately connected cause of action against resident and nonresident defendants as required to hold venue under the subdivision. The deficiency here is in proof of a cause of action against the resident defendant.

■ Plaintiff sued for attorney's fees under a contract with a nonresident to prepare an application to the Federal Housing Administration. It was alleged

this defendant assigned its interest in the project to which the application related to another nonresident defendant; that still another defendant, as mortgagee, transferred its interest in the same project to a resident defendant "along with the benefits and knowledge" of the contract for attorney's fees with the first nonresident defendant.

Although plaintiff pleaded this resident defendant assignee assumed the liabilities of the latter assignor, there is no evidence the obligations under the contract of employment were assumed, and there is no proof of a direct assumption. It is not necessary for us to pass upon the sufficiency of the pleading to state a cause of action. Appellant points to no other proof than the assignment last mentioned. It is suggested that "it is reasonable to assume" this defendant was instrumental in inducing a breach of appellant's contract of employment. That assumption which we are requested to indulge in does not constitute evidence, and there is no evidence authorizing us to assume the fact suggested.

The mere acceptance of an assignment by the resident defendant of the mortgagee's interest in the project did not create a liability against the latter. Potts v. Burkett, Tex.Civ.App., 278 S.W. 471, 473, no writ; 6 Tex.Jur.2d, Assignments, Sec. 43, p. 433; 6 Am.Jur.2d, Assignments, Sec. 109, p. 291.

Since there is no cause of action established against the resident defendant, the judgment is affirmed.