### GEO. EGGENBERGER v. G. BRANDENBERGER.

#### No. 6248.

1. **Error in File Mark by District Clerk.**—That in a county where the offices of district and county clerk are held by the same person the clerk of the District Court in filing the original petition, affidavit, and sequestration bond in a suit entered the letters "C. C. M. Co." after his name, the papers having been filed in the office of the district clerk, and proceedings unto judgment appearing in the District Court, is not ground for reversal on writ of error.

2. **Filing Papers.**—A paper is actually filed when deposited with the clerk of the proper court.

ERROR from Mason.    Tried below before Hon. A. W. Moursund.

The opinion states the case.

*West & McGowan,* for plaintiff in error. —1.    The District Court of Mason County had no jurisdiction or authority over papers filed in the County Court of said county, and could not lawfully consider same.    Rev. Stats., art. 1445.

2.    The settled rule is that a party who chooses to follow such an extraordinary and stringent remedy as sequestration, attachment, and the like must strictly pursue in every particular the law as enacted.    Moody v. Levy, 58 Texas, 533, and cases there cited; Rohrbough v. Leopold, 68 Texas, 254.

*Marshall Fulton,* for defendant in error.—For objection to the grounds of error in proposition presented by plaintiff in error defendant in error states that appearance in court, plea, and answer gave the court jurisdiction of the person and authorized the judgment. The errors complained of are clerical. Life Ins. Co. v. Ray, 50 Texas, 517; County of Galveston v. Noble, 56 Texas, 575; 2 Herm. on Estop., p. 451, sec. 389; Wells' Jur., secs. 66, 86; Dodson v. Scroggs, 47 Mo., 286.

When and what is a filing of a paper. Snider v. Methvin, 60 Texas, 487; Turner v. State, 41 Texas, 549; Holman v. Chevaillier, 14 Texas, 339; Beal v. Alexander, 6 Texas, 541.

GAINES, ASSOCIATE JUSTICE.—The defendant in error brought this suit against the plaintiff in error to recover a tract of land, and sued out a writ of sequestration.

The only assignment of error which is copied in the brief is in effect that the court below had no jurisdiction of the cause for the reason that the petition upon which the case was tried appears to have been filed in the County Court and not in the District Court. The file marks upon the petition, the affidavit, and the bond for sequestration are all dated the same day and are all signed "Wilson Hey, C. C. C. M. Co., Tex." The abbreviation may be taken to mean clerk of the County Court of Mason County, Texas. The jurat to the affidavit and the writ of sequestration are signed "Wilson Hey, Clk. Dist. Court Mason Co., Tex." Elsewhere throughout the transcript the name of the officer is signed as clerk of the District Court. The official designations following the signatures to the file marks on the petition, affidavit, and bond are doubtless clerical errors. It may be a fact that Mason is one of the counties in which the offices of clerk of the District Court and clerk of the County Court may be held by one person; and it is probable that at the time this suit was filed Hey was the incumbent of both offices. That the petition, bond, and affidavit were actually filed, that is deposited in the office of the clerk of the District Court, there can be no doubt. This is shown by the fact that Hey as clerk of the District Court issued the writ of sequestration in accordance with the petition and affidavit two days after they were filed; also by the fact that the defendant filed his answer to the petition in the District Court, and by the further fact that that court heard the case and gave judgment for the plaintiff. It has been repeatedly held by this court that the objection to a paper for want of a file mark, which has obviously been placed in the custody of the clerk and acted upon by the court below, comes too late when urged for the first time in this court. Knight v. Holloman, 6 Texas, 153; Holman v. Chevaillier, 14 Texas, 337; Turner v. The State, 41 Texas, 549. Besides courts take judicial notice of the pleadings in a cause (Whart. Ev., sec. 325), and

are presumed to know the signature of their clerks.    Buall v. State, 72 Ind., 523.

The record shows that Wilson Hey on the day the petition was filed was acting and has subsequently acted as clerk of the District Court of Mason County, and even if it were not too late to take advantage of an error of this character we should hesitate to hold that the file mark complained of was not properly authenticated by the officer's signature, though the signature is followed by an erroneous designation of the official character in which he was then acting.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered June 7, 1889.