## BLAIR & HUGHES CO. v. SHORT.
### (No. 3031.)

(Court of Civil Appeals of Texas. Texarkana: March 12, 1925.)

1. **Dismissal and nonsuit** ☞81(2)—**Motion to reinstate case dismissed for want of prosecution, largely discretionary.**

Motion to reinstate case, dismissed for want of prosecution during same term, is largely discretionary.

2. **Dismissal and nonsuit** ☞81(2)—**Refusal to reinstate case dismissed for want of prosecution held abuse of discretion.**

Refusal of motion to reinstate case, filed during same term that it was dismissed, on ground that plaintiff's attorney had withdrawn without notifying plaintiff, that case had been reset without his knowledge, that he had meritorious cause of action, and that dismissal was without his fault or neglect, *held* abuse of discretion.

3. **Dismissal and nonsuit** ☞81(2)—**Trial court has full authority to set aside judgment of dismissal within same term.**

Trial court has full authority to set aside its judgment of dismissal during same term, even without motion to that effect.

4. **Dismissal and nonsuit** ☞81(7)—**Reinstatement of case dismissed for lack of prosecution, in term subsequent to dismissal, must be conducted as original suit.**

Application for reinstatement of case, dismissed for lack of prosecution, in term subsequent to dismissal, is not motion for new trial, but independent proceeding which must be conducted like other original suits.

5. **Evidence** ☞43(2)—**Motion to reinstate case, dismissed for lack of prosecution, or for new trial, made during same term, need not allege facts showing meritorious cause of action stated in pleadings.**

Motion to reinstate case, dismissed for want of prosecution, or for new trial, filed during same term as original suit in which meritorious cause of action was stated, need not allege facts showing meritorious cause of action, as court will take judicial notice of pleadings.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by the Blair & Hughes Company against U. F. Short. From judgment to set aside dismissal for want of prosecution, plaintiff appeals. Reversed and rendered.

Stennis & Stennis, of Dallas, for appellant. Short & Feilds and K. R. Craig, all of Dallas, for appellee.

HODGES, J. This is an appeal from an order dismissing the appellant's suit for want of prosecution. The record shows that in December, 1918, appellant, a private corporation, filed suit in the court below against U. F. Short, alleging, in substance, that during the pendency of a former suit between the appellant and other parties, Short became the custodian of certain funds, amounting to $600, which were to be paid over to the successful party in that controversy; that the appellant was the successful party, and after judgment demanded possession of the funds. Short refused, and this suit followed. It appears from the reports that upon a former trial the plaintiff recovered a judgment against Short, which was reversed on appeal and the cause remanded. See Short v. Blair & Hughes Co. (Tex. Civ. App.) 230 S. W. 427.

[1, 2] The case remained upon the docket of the district court till Monday, July 2, when it was called for trial. The defendant appeared and announced ready. A junior member of the firm of attorneys who had represented appellant, but who had not taken any part in the management of the litigation, appeared and requested that the case be continued or passed for a future day of the term. He also stated to the court that his firm would probably withdraw from the case; that the management of this particular suit had been conducted by a member of the firm who was absent on his vacation. By agreement between the attorneys present, the case was reset for July 6, 1923. When the case was again reached and called, the defendant was present and insisted upon a trial. No one appearing for the plaintiff, the suit was dismissed for want of prosecution.

Some time later, and at the same term of the court, Blair & Hughes Company, through other attorneys, filed a motion asking that the order of dismissal be set aside and the case reinstated upon the docket of the court. It was alleged, among other things, that the attorneys formerly employed had withdrawn and the case been reset without the knowledge of the appellant; that it had a meritorious cause of action, and the order of dismissal was entered without any fault or neglect on the part of the appellant. This motion was overruled, and appellant prosecutes this appeal.

It is conceded that under the facts of this case the motion to reinstate rested largely in the discretion of the trial court. The contention is that the court abused his discretion. We are of the opinion that the motion should have been granted and the case reinstated.

[3–5] The reversal of the judgment is resisted in this court mainly upon the ground that the motion to reinstate, or for new trial, does not allege facts showing a meritorious cause of action. It appears that for some reason appellant did not have timely notice of the withdrawal of its attorneys and the resetting of the case. If this were a proceeding instituted after the adjournment of the term of court at which the order of dismissal was made and entered, the objection would be good. But the record before us shows that this motion was filed at the same term and while the trial court had full authority to set aside its judgment of dismissal, even without a motion to that effect. Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053. An application of this character, filed at a subsequent term of the court, is not a motion for a new trial, but an independent equitable proceeding which must be conducted and tried as other original suits. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100. But when a motion is filed in the same court at the same term, it is essentially a part of the original suit; and the court will take judicial notice of the pleadings, their contents, and all prior proceedings therein. Parker v. Panhandle Nat. Bank (Tex. Civ. App.) 35 S. W. 31; Short v. Blair & Hughes Co. (Tex. Civ. App.) 230 S. W. 427; Eggenberger v. Brandenberger, 74 Tex. 274, 11 S. W. 1099; Richardson v. Stall, 47 Tex. Cr. R. 592, 85 S. W. 282; Wood v. Cahill, 21 Tex. Civ. App. 38, 50 S. W. 1071.

Having filed in this case a petition in which a meritorious cause of action was stated, the appellant was not required to repeat those facts in this motion.

The judgment will therefore be reversed, and judgment here entered setting aside the order of dismissal, and directing that the case be reinstated upon the docket of the trial court.