## SPURLOCK v. DUNAWAY BROS.
### (No. 2544.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925.)

Pleading ⨷104(2)—Plea of privilege failing to negative residence of joint-stock association in county properly overruled.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6149, authorizing suits against joint-stock associations by name, and article 1830, subds. 5, 12, and Vernon's Ann. Civ. St. Supp. 1918, art. 1903, relating to pleas of privilege, defendant sued on note, secured by mortgage on drilling machinery, executed by him as trustee of joint-stock association, *held* not entitled to remove suit from county in which mortgaged property was located to county in which note was payable on plea of privilege that he was not resident of either of such counties, which failed to allege that residence of joint-stock association was not in county in which suit was brought.

Appeal from District Court, Hutchinson County; W. R. Ewing, Judge.

Action by Dunaway Bros. against C. M. Spurlock, trustee, wherein defendant filed a plea of privilege. From a judgment overruling his plea and rendering judgment for plaintiffs, defendant appeals. Affirmed.

B. G. Puntney, of Amarillo, for appellant.
Studer & Studer, of Pampa, for appellees.

RANDOLPH, J. This is an appeal taken from the action of the district court of Hutchinson county, Tex., overruling appellant's plea of privilege.

Plaintiffs' petition alleges the execution of a note for $1,500; that said note was executed by appellant as sole trustee of the Western Enterprise Oil & Gas Company, a joint-stock association, doing business in Hutchinson county, Tex., and to foreclose a mortgage lien upon certain drilling machinery situated in Hutchinson county.

Article 6149, V. S. C. Statutes 1914, authorizes the bringing of suits against joint-stock associations in their distinguishing name, without the necessity of making the individual stockholders or members parties to the suit. Article 1830, subd. 5, provides where a person has contracted in writing to perform an obligation in any particular county, such suit may be brought either in such county or where defendant has his domicile. Subdivision 12 of said article 1830 provides that where the suit is for the foreclosure of a mortgage or other lien, it may be brought in the county in which the property subject to such lien, or a portion thereof, may be situated. Article 1903, V. T. C. Statutes 1918, provides the requisites of such plea, fully setting out the facts on which the party bases his claim for exclusive venue in his county of residence, also provides for controverting affidavit, etc.

On the 7th day of October, 1924, a "plea of privilege" was filed in the trial court by appellant, "as sole trustee for Western Enterprise Oil & Gas Company, a trust estate," setting up that:

He "is not now and was not at the institution of this suit, nor at the time of service of process on him, a resident of the county of Hutchinson, and state of Texas, the county in which this suit was instituted and is now pending, but is now, and was at the time of the service of process on him and of the execution and filing of this plea, a resident of the county of Potter and state of Texas, where he then and now resides, and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830, or article 2308, of the Revised Civil Statutes, exist in this cause; that this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in the county of Hutchinson, state of Texas, or anywhere outside of the said county of Carson, where the note is payable.

"Wherefore defendant prays the court that the above suit be transferred to the district court of Carson county, Tex., and for such orders herein that may be proper and necessary.
"C. M. Spurlock, Defendant."

On the 9th day of October, 1924, plaintiffs filed a controverting affidavit, and on the same day the trial court entered his order overruling defendant's plea of privilege without in any manner referring to the controverting affidavit, and thereupon rendered judgment for plaintiffs on their money demand and for foreclosure of their lien on the property in Hutchinson county, against the defendant Western Enterprise Oil & Gas Company alone.

There being nothing in the record to show that the trial court considered the controverting affidavit in overruling the plea of privilege, all questions involving notice and the effect of the want of same become immaterial, and the question resolves itself into one of the sufficiency of the plea of privilege. If the plea was insufficient, if it did not present legal and statutory grounds for requiring the transfer of the case, the trial court

⨷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

did not err in overruling it, nor did he err, in the absence of an answer, in rendering judgment by default.

It is to be noted that appellant's plea contains no allegations that the residence of the Western Enterprise Oil & Gas Company was not in Hutchinson county; it will also be observed that the property upon which a mortgage lien is sought to be foreclosed is situated in Hutchinson county, Tex.; that the note sued on is payable in Carson county, Tex.; that appellant prays that the case be transferred, not to Potter county where he resides, but to Carson county, and that there is no pleading praying for judgment against him and no judgment against him.

The failure of the plea to negative the residence of the defendant association being in Hutchinson county alone renders the plea insufficient. Texas & N. O. R. Co. v. Parsons (Tex. Civ. App.) 109 S. W. 240 (writ denied).

Article 1903, V. T. C. Statutes 1918, was enacted for the purpose of permitting a party, who was wrongfully sued out of the county of his residence, to force the transfer of the suit to his home county. It was not intended that he should have the right under such plea to have the case transferred to some other county than his home county, except in the case of a suit for land. Again, such plea presents no grounds for such transfer when the suit is not against him, but is against his association.

Appellant devotes most of his brief to the breach of an alleged agreement between himself and the attorneys for appellees. There is nothing in the record to establish his charges, no statement of facts, no bill of exceptions presenting the facts, and not even one lone affidavit to support his allegations. We therefore cannot pass upon the propositions presenting such alleged breach.

For the reasons stated, the trial court did not err in overruling the plea of privilege and did not err in rendering judgment for appellees, and we affirm such judgments.