CLIFFORD–BELL PETROLEUM CO. v. BANKER'S PETROLEUM & REFINING CO. (No. 11588.)

(Court of Civil Appeals of Texas. Fort Worth. May 22, 1926.)

1. Venue ⬁7.

Under Rev. St. 1925, art. 1995, exception 23, suit against corporation may be maintained in county where contract was completed by receipt of wire confirming telephone conversation which required offer to be submitted in writing.

2. Contracts ⬁147(1).

Court in construing contract must, if possible, ascertain and give effect to mutual intentions of parties.

3. Contracts ⬁26.

Rule that letter of acceptance takes effect on mailing does not apply where offer requires actual receipt of letter or telegram.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by the Banker's Petroleum & Refining Company against the Clifford-Bell Petroleum Company. From a judgment overruling a plea of privilege, defendant appeals. Affirmed.

Lawrence Tarlton, of Fort Worth, and Weeks, Morrow, Francis & Hankerson and Jas. C. Capps, all of Wichita Falls, for appellant.

Smith & Smith, of Fort Worth, for appellee.

BUCK, J. The Banker's Petroleum & Refining Company, a joint-stock association, filed, in the county court at law No. 2, a suit for debt against the Clifford-Bell Petroleum Company, a corporation. The alleged debt was $775 for rental of the plaintiff's refinery plant, at $25 per day from August 2 to September 2, 1924. The evidence shows that prior thereto plaintiff had rented the refinery to T. M. Rinehart and L. F. Ruwe for three months, at $750 a month; that on August 23, 1924, the lessees were in arrears for the rental, and J. E. Stephens, at Wichita Falls, as duly authorized agent of defendant company, called up Jonas Kizer, duly authorized agent of plaintiff, at Fort Worth, by long-distance telephone, and proposed to plaintiff that the defendant would be responsible for the rental of the plant at $25 a day from August 2, 1924, to such time as defendant might notify plaintiff that it would no longer be so responsible, if plaintiff would release to defendant such refinery. Kizer told Stephens that it would not accept said proposition, so made, unless said proposition be confirmed in writing by wire, and, further, that upon receipt of such wire, but not until the receipt of the same, it would accept said proposition and release to the defendant said premises. The defendant

thereupon sent to plaintiff the following telegram:

"Wichita Falls, Texas, 12:40 P.
"August 23, 1924.
"Jonas Kizer, Dan Waggoner Bldg.—Fort Worth, Texas: Confirming telephone conversation with our Mister Stephens we will be responsible for rental Banker's Refinery at twenty-five dollars per day from August second until we notify you per agreement with you please immediately wire Harris to release products at refinery to us in order that we may load out.
"[Signed] Clifford-Bell Petroleum Co.
"12:55 P."

Harris, mentioned in above telegram, was agent of plaintiff in charge of refinery, and in possession of the keys thereto.

The plaintiff, through its said agent, accepted said proposition, and, in compliance with the suggestion contained in the foregoing telegram sent the following telegram:

"Fort Worth, Texas, August 23, 1926.
"Jesse Harris, in Care Clifford-Bell Petroleum Co., Bob Waggoner Building, Wichita Falls, Texas: This is your authority to release products now at refinery.     Jonas Kizer."

In compliance with this authority thus given, Jesse Harris released said property to defendant, who thereupon took possession thereof. On September 2, 1924, at 1:19 o'clock p. m., defendant sent the following telegram:

"9–2–24.
"Mr. Jonas Kizer, Dan Waggoner Bldg., Fort Worth, Texas. We can no longer be responsible for Banker's Refinery rental.
"Clifford-Bell Petroleum Co.
"Straight Message—charge."

Upon suit being filed by plaintiff in Tarrant county, defendant filed its plea of privilege to be sued in Wichita county, which plea is formal, and apparently in legal form. A controverting affidavit was filed by plaintiff, setting up the facts contained above, and constituting an agreed statement of facts. The plea of privilege was overruled, and defendant appealed.

Opinion.

[1] Appellant urges that the receipt of the telegram sent by appellee to its agent Harris, and the act of delivery of the premises by Harris to defendant in Wichita county, was the consummation of the contract, and that therefore the venue is in Wichita county and not in Tarrant county. Appellee urges that the receipt in Tarrant county of the telegram containing the proposition of the defendant to rent the premises, and the acceptance thereof by appellee, also in Tarrant county, constituted the final act of consummation of the contract, and that therefore the venue may be in Tarrant county, under exception

24, art. 1830, Rev. Civ. Statutes 1911, article 1995, exception 23, Codification of 1925, which, in part, is as follows:

" "Suits against a private corporation, association or joint-stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

It is admitted that the appellant company has no agent or office in Tarrant county. Therefore, if the venue may be maintained in Tarrant county, it is by virtue of the fact that a part, at least, of the cause of action arose in Tarrant county.

In the telephone conversation between Stephens, for the defendant below, and Kizer, for plaintiff below, the latter bound appellee to accept the proposition made over the telephone, if it should be wired in writing. It was wired in writing, and we may presume that it was accepted in Tarrant county. The instructions sent by Kizer to Harris, his subordinate, to release products at the refinery was but a compliance with the terms of the contract already made and matured.

[2, 3] The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties, so far as that may be done without contravention of legal principles. 13 Corpus Juris, 521, § 428. By the use of the word "confirm," as used in the telegram from appellant, we think it must be construed that appellant did not require or expect the acceptance of its proposition, contained in the wire to be indicated by letter or wire, by appellee, or appellant notified thereof, but the acceptance was already agreed upon, if the offer was submitted in writing and received by appellee. Nor do we think that it can be said, under the facts in this case, that the contract was completed by the sending of the wire. The intention of the parties evidently was that the contract was to be completed upon the sending of the proposition in writing and its receipt by appellee.

"The rule that a letter of acceptance takes effect when it is mailed does not apply, of course, where the offer requires actual receipt of the letter or telegram. Such a condition may in some cases be implied from the nature of the case and the form of the previous negotiations." 12 Corpus Juris, 302, § 119.

"An agreement to agree to do a certain specific thing, all the conditions of the postponed agreement being specified, is simply an agreement in præsenti to do it." 6 R. C. L. 617.

If the appellee had refused to accept the contract, when put in writing and containing the terms agreed upon by the agents of the respective parties, the appellant would have had a cause of action for specific performance, or for damages.

We agree with the statement of the law as made by appellant, as quoted from Clark v. Belt, 223 F. 573, 138 C. C. A. 1, that—

"The test of the place of a contract is as to the place at which the last act was done by either of the parties essential to a meeting of minds." Wharton on Conflict of Laws (3d Ed.) § 22a; 13 Corpus Juris, 580, § 581.

But we do not think we can disturb the judgment and order of the trial court that the evidence shows that such act of consummation was the acceptance by appellee of the offer in writing, submitted by appellant, and that this acceptance was made in Tarrant county. See Earley-Foster Co. v. A. P. Moore's Sons, Inc., 230 S. W. 787; Cuero Cotton Oil Co. v. Feeders' Supply Co., 203 S. W. 79, by this court, and authorities cited.

The judgment and order of the trial court overruling the plea of privilege is affirmed.