**GADDY et al. v. RICH.**

No. 9011.

Court of Civil Appeals of Texas. San Antonio.

March 1, 1933.

Rehearing Denied May 3, 1933.

922

Griffin, Kimbrough & Cox, of McAllen, for appellants.

E. A. McDaniel, of McAllen, for appellee.

SMITH, Justice.

Charles M. Rich leased certain premises to G. M. Gaddy and P. H. McMurphy for a stipulated period of three years for an agreed lump sum of $3,600, payable in monthly installments of $100 during the term of the lease. The lease contract was in writing, and contained an express stipulation that the lessees should not assign the lease except upon the written consent of the lessor.

The lessees took possession and opened a drug business in the leased building, but shortly afterwards sold the business to one Cantu, to whom they delivered possession of the premises under an assignment of the lease in question. Rich, the lessor, had notice of these transactions and for several months following received and accepted the rents from Cantu. Later on Cantu became delinquent in the payment of the rents, and still later went into voluntary bankruptcy, when he was twelve months in arrears in the payment of said rentals. Rich, the lessor, then brought this action against Gaddy and McMurphy, the original lessees, to recover said unpaid rents. The lessees defended by alleging, in effect, that by his knowledge of the assignment of the lease, and by thereafter accepting the accruing rents from the assignee, and by other acts of acquiescence the lessor impliedly waived the stipulation in the contract prohibiting assignment of the lease without his written consent thereto, and released the lessees from liability for the rents. The trial court sustained exceptions to those allegations, excluded all evidence offered in support thereof, and rendered judgment against the lessees for the accrued rents. The lessees, Gaddy and McMurphy, have appealed.

We conclude upon the apparent weight of the authorities that the trial court erred in this disposition of the case.

The unquestioned rule is that a person—a lessor, for example—for whose benefit a stipulation is inserted in a contract, may, if he pleases, waive such stipulation so as to estop him from thereafter insisting upon its performance. 10 Tex. Jur. p. 462.

Under that rule the lessor in this case could, if he pleased, waive the right to insist upon the performance of the stipulation against assignment of the lease contract without his consent in writing, and such waiver could be manifested by his conduct, by implication. If the lessee sublets the premises with the lessor's knowledge and acquiescence, and the latter receives and accepts current rentals from the assignee, a court or jury may find from such conduct that he has elected to forego rather than enforce the stipulated limitation upon assignment. King v. Grubbs (Tex. Civ. App.) 275 S. W. 855; Fred v. Moseley (Tex. Civ. App.) 146 S. W. 343; Jackson v. Knight (Tex. Civ. App.) 194 S. W. 844, 845.

But where, as in this case, the lessee is bound by an express covenant to pay the rent through the lease period, he is liable to the lessor for all unpaid rents in case of the default of the assignee, notwithstanding the

lessor has by his conduct waived the right to insist upon the stipulation for written consent to assignment. Notice of assignment, the acceptance of rents from the assignee, and like circumstances by which the lessor may waive the stipulation for written consent to assignment, do not effect a release of the lessee from liability. Such release must be expressed; it cannot arise by implication. 16 R. C. L. p. 845, § 345 et seq.; Note 52 L. R. A. (N. S.) 971 et seq.; Cauble v. Hanson (Tex. Com. App.) 249 S. W. 175; Johnson v. Neeley (Tex. Civ. App.) 36 S.W.(2d) 799; Speed v. Jay (Tex. Civ. App.) 267 S. W. 1033; Gray v. Tate (Tex. Civ. App.) 251 S. W. 820; Goffinet v. Broome (Tex. Civ. App.) 208 S. W. 567; King v. Grubbs (Tex. Civ. App.) 275 S. W. 855, 857.

In case of assignment, by either express or implied consent of the lessor, both the lessee and the assignee become liable to the lessor for the rents, the assignee primarily and the lessee secondarily, in the nature of suretyship, although the lessor may exact but one satisfaction of course. 16 R. C. L. p. 847, § 347; 52 L. R. A. (N. S.) 973, note; King v. Grubbs (Tex. Civ. App.) 275 S. W. 855, 857; Gray v. Tate (Tex. Civ. App.) 251 S. W. 820.

And in such case the lessor assumes the duty of protecting the lessee, as any other creditor is required to protect one standing in the relation of surety to his debtor. King v. Grubbs, supra.

In this case appellants alleged and offered to prove by evidence that after appellee had proceeded for several months to punctually collect and appropriate the current rents from the assignee, he permitted the latter to become delinquent, month after month, for twelve months, without notifying the lessees of such delinquency, and then failed to present or prosecute his claim against the assignee in the bankruptcy court; that appellee had acquiesced in the assignment of the lease, had ceased to look to appellants for current rents, and had collected these rents directly from the assignee, and thereby lulled appellants into a sense of security against liability, so that they were prevented from taking steps to protect themselves in the premises; that by this course, and by failing to prosecute his claim in the bankruptcy court, appellee had released appellants from liability, as any other surety would have been released in a like state of facts. This contention seems reasonable, and is founded upon authority. King v. Grubbs, supra. The trial court therefore erred in sustaining exceptions to allegations of the facts stated, and in excluding evidence offered in support of those facts. These errors are material, requiring reversal.

The questions of waiver of the stipulation against assignment without the consent of the lessor, and of the release of the surety by conduct, are questions of fact, and should go to the jury upon another trial.

Reversed and remanded.