**The STATE of Texas, Appellant,**

v.

**Billy Ray POPE, Appellee.**

**No. 3-90-217-CR.**

Court of Appeals of Texas, Austin.

Dec. 12, 1990.

William R. Henry, Asst. Crim. Dist. Atty., San Marcos, for appellant.

Ray Green, San Marcos, for appellee.

Before SHANNON, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

Upon the entry of an order adverse to it, the State gave notice of appeal. Tex.Code Cr.P.Ann. art. 44.01 (Supp.1991). The transcript has not been presented to the Clerk of this Court for filing, nor has a timely motion for extension of time for filing the record been received. Tex.R.App.P.Ann. 54(b), (c) (Pamph.1990).

This Court is not authorized to enlarge the time for filing the transcript except pursuant to Rule 54(c) and except that in criminal cases late filing of the transcript may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel. Tex.R.App. P.Ann. 83 (Pamph.1990). We are of the opinion that the latter exception was written with appeals by criminal defendants in mind, and has no application to State appeals.

This Court has held that appeals pursuant to art. 44.01 may be dismissed for want of prosecution when the State, as appellant, fails to timely file a brief. *State v. Sanchez,* 764 S.W.2d 920 (Tex.App.1989, no pet.). As we stated in *Sanchez,* the State cannot be abandoned by its attorney; the abandonment of the appeal by the prosecuting attorney is an abandonment of the appeal by the State. We believe that this principle also applies when the State, acting through its prosecuting attorney as appellant, allows the time for filing the transcript to expire without requesting an extension.

Because the transcript has not been presented for filing, and because the time for requesting an extension of time for filing the transcript has expired, this appeal is dismissed for want of prosecution.