**Pam D. JOHNSON and A.E. Johnson, Appellants,**

**v.**

**SPRINT TRANSPORTATION, INC. and Gregory Stephen Thompson, Appellees.**

**No. 01–90–01139–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 1991.

Pam D. Johnson, pro se.

A.E. Johnson, pro se.

Brian M. Chandler, Kathlenn Walsh Beirne, Houston, for appellees.

Before MIRABAL, DUGGAN and O'CONNOR, JJ.

ORDER ON MOTION FOR REHEARING

MIRABAL, Justice.

On February 28, 1991, we dismissed appellants' appeal for failure to timely file the transcript and statement of facts. Appel-

lants by instrument filed March 7, 1991, entitled, "Appellant's First Motion For Extension of Time or in the Alternative to Reinstate Appeal," move the Court for an extension of time to file their briefs or in the alternative to reinstate their appeal. We treat this instrument as a motion for rehearing of appellants' "Motion to Reinstate" and "Motion for Extension of Time for the Court Reporter to File Statement of Facts," which they filed February 7 and February 13, 1991, respectively, and which we addressed in our opinion of February 28, 1991. Also pending before this Court is appellants' motion for leave to file "Extension Of Time To File Statement of Facts And For Leave to File Writ Of Mandamus." We withdraw the opinion of February 28, 1991, and substitute the following in its place.

We give the following chronology of events to aid in understanding the factual background of our ruling. The chronology assumes as true all assertions in appellants' motions.

August 2, 1990—Trial court struck appellants' pleadings and entered a judgment of dismissal with prejudice for appellants' failure to comply with order to answer interrogatories more completely.

August 13, 1990—Appellants requested findings of fact and conclusions of law and filed a motion for rehearing (motion for new trial) containing a conditional notice of appeal and an affidavit of inability to give costs.

September 4, 1990—Appellants filed a request that the court reporter prepare the statement of facts and the clerk prepare the transcript.

September 25, 1990—District clerk filed contest to appellants' affidavit of inability to give cost bond.[1]

October 1, 1990—Appellants filed a motion for leave to file a petition for writ of mandamus in the Fourteenth Court of Appeals. The mandamus action received appeal number 14–90–00870–CV. Appellants sought a mandamus ordering district clerk to prepare and file the record in the appeal.[2]

October 4, 1990—Fourteenth Court of Appeals denied appellants' motion for leave to file petition for writ of mandamus.

October 12, 1990—According to appellants, personnel in the clerk's office of the First Court of Appeals sent appellants to the Fourteenth Court of Appeals to file mandamus pleadings and a motion for extension of time to file the record on appeal.

October 17, 1990—Appellants filed in the Fourteenth Court of Appeals a "Rehearing and Motion for Extension of Time to File Appeal and Affidavit in Support to File Writ of Mandamus Rehearing."

October 24, 1990—Trial court sustained district clerk's contest to appellants' affidavit of inability to pay costs. However, the trial court later reversed its ruling after further proceedings.

November 26, 1990—Trial court overruled district clerk's contest to appellants' affidavit of inability to give costs.

November 30, 1990—Appellants' transcript and statement of facts were due to be filed, but were not.

December 17, 1990—Appellants' transcript tendered to the clerk of the First

---

1. It is unclear from the record when appellants, as required by Tex.R.App.P. 40(a)(3)(B), gave notice of their filing of their affidavit of inability to give costs. Assuming, however, the notice was given the day the affidavit was filed, August 13, 1990, the District Clerk's contest of that affidavit was late. Rule 40(a)(3)(C) of the Texas Rules of Appellate Procedure requires a contest of an affidavit be filed within 10 days after receiving notice. The contest of the affidavit, which was filed on September 25, 1990, was more than 10 days after the filing of the affidavit. Although the contest of the affidavit apparently was late, it undoubtedly had the effect of postponing in the District Clerk's office, the assignment of the case to the First or Fourteenth Court of Appeals, thereby preventing appellants from knowing to which appeals court their motion for extension of time to file the record should be directed.

2. Upon filing the contest to appellants' affidavit of inability to pay costs of appeal, the district clerk refused to take further action regarding the case until the contest was ruled on.

Court of Appeals; it was marked "received," and was assigned appeal number 01–90–01139–CV.

December 19, 1990—According to appellants, they called First Court of Appeals' clerk's office and were told they do not have to file a motion for extension of time to file the record because the First Court would be getting the motion for extension from the Fourteenth Court.

Rule 54(a) of the Texas Rules of Appellate Procedure provides that when appellants have filed a motion for new trial, they have 120 days from the date of judgment to file the record. Rule 54(c) of the Texas Rules of Appellate Procedure provides that an extension of time for filing the record may be granted if appellants file a motion reasonably explaining the need for extension within 15 days of the date the record was due. Thus, appellants had until November 30, 1990, to file the transcript and statement of facts; the December 17, 1990 filing of the transcript would have been timely if appellants had also properly filed a motion for extension reasonably explaining the need for extension.

Until the contest to the affidavit of inability to pay costs was ruled on, neither the parties nor the appellate courts knew to which of the two appellate courts in Harris County appellants' appeal would be assigned. Therefore, in such a situation, the filing of a motion for extension of time to file the record on appeal in *both* the First and Fourteenth Courts of Appeals is appropriate. We will consider the motion to extend that appellant offered for filing in this Court (and which was actually filed in the Fourteenth Court of Appeals) as properly filed in this Court. *See Biffle v. Morton Rubber Indust., Inc.,* 785 S.W.2d 143, 144 (Tex.1990) (an instrument is deemed in law filed at the time it is delivered to the clerk, regardless of whether the instrument is file marked).

Accordingly, we GRANT "Appellant's First Motion for Extension of Time or in the Alternative to Reinstate Appeal," (motion for rehearing) filed March 7, 1991.

Further, we GRANT appellants' "Motion for Extension of Time to File Appeal" that was filed on October 17, 1990 in the Fourteenth Court of Appeals, we accept the transcript filed on December 17, 1990 as timely filed, and we GRANT appellants 60 days from the date of this order, to August 12, 1991, to file the statement of facts.

Appellants' "Motion by Appellant for Extension of Time for Court Reporter to File Statement of Facts," filed February 13, 1991, and "Motion by Appellants for Leave of Court to File Extension of Time to File Statement of Facts and For Leave to File Writ of Mandamus," are rendered moot, by our granting appellant's extension.

## ON MOTION FOR REHEARING

O'CONNOR, Justice, concurring.

When a party files a document with the Fourteenth Court of Appeals that should be filed in this Court, we should consider the document as filed in this Court. The confusion in this case was caused by this Court's failure to abide by legislative mandate. In 1987, the Legislature mandated that the First Court of Appeals and the Fourteenth Court of Appeals establish one, clerk's office for both courts. In section 22.202(f) of the Texas Government Code, it states:

> The First and Fourteenth Courts of Appeals shall establish a central clerk's office....

With one clerk's office for the two courts, it would not be necessary for the trial clerks of the fourteen counties in this district to go through the cumbersome procedure of drawing lots to determine to which court of appeals the case is to be assigned. With one office for the two courts, the parties would not have to wait until trial clerk draws lots to determine where to file motions to extend time to file the appeal bond or the record. With one office for the two courts, the parties could order the record from the trial clerk, and the trial clerk would deliver the record to

the joint office for the courts of appeals. Once the case was filed with the clerk of the court of appeals, it would be an easy matter to assign every other case to the two courts of appeal.

With one office for the two courts, the mistake in this case would not have occurred. The fault lies, not with appellant, but with this Court's failure to establish a joint clerks office as required by the Legislature. See Dissent to Local Rules for the First Court of Appeals, filed with the Texas Supreme Court on May 15, 1991.