**The STATE of Texas, Appellant,**

v.

**Gregory CASTLE, Appellee.**

**No. 01–95–00604–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1995.

Sam Maida, Houston, for appellant.

John B. Holmes, District Attorney and Calvin Hartmann, Assistant District Attorney, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

**ORDER**

PER CURIAM.

This is an appeal by the State from an allegedly illegal sentence. The State has filed a motion for extension to file the transcript.

The trial court suspended the sentence on February 14, 1995. The record does not show that a motion for new trial was filed. When no motion for new trial is filed, Texas Rule of Appellate Procedure 54 gives the appellant 60 days after sentence is imposed or suspended in open court to file the record. TEX.R.APP.P. 54(b). To be timely, a motion for extension of time to file the transcript must be filed no later than 15 days after the last date for filing the transcript. TEX. R.APP.P. 54(c). In this case, 60 days after the sentence was suspended was April 15, 1995. Because this was a Saturday, the last day for filing the transcript was April 17, 1995. TEX.R.APP.P. 5(a). The State tendered the transcript to this Court on June 6, 1995, and filed a motion for extension of time to file the transcript on June 8, 1995. Thus, neither the transcript nor the motion for extension appear to be timely filed.

Unless an appellant timely files the transcript or timely moves for an extension of time, this Court has no authority to consider a late transcript or enlarge the time for filing it. *State v. Pope,* 800 S.W.2d 954 (Tex. App.—Austin 1990, no pet.); TEX.R.APP.P. 54(b), (c). The only exception to this rule is that a late filing of the transcript may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel. TEX.R.APP.P. 83. This exception does not apply to the State. *Pope,* 800 S.W.2d at 954. Because the transcript and motion for extension appear to be untimely, this Court appears to have no authority to consider the transcript or enlarge the time for filing it.

The State argues that it did not know which appellate court this appeal was assigned to until June 5, 41 days after the last day for filing the transcript. In such a situation, it is appropriate to file a motion for extension with both appellate courts. *See*

*Johnson v. Sprint Transp., Inc.,* 811 S.W.2d 953, 955 (Tex.App.—Houston [1st Dist.] 1991, no writ). Even filing one, preassignment motion for extension with the court that ultimately did not receive the assignment has been held to be sufficient. *See id.* We are aware of no case law extending a court's authority under TEX.R.APP.P. 54(b), (c) where the appeal had not been assigned to the appellate court by the last day for filing the transcript.

Accordingly, we give the parties notice that we will dismiss this appeal unless the State, files, within 10 days of the date of this order, a response showing that the transcript was timely filed or that a timely motion for extension was filed.

It is so **ORDERED.**