**Frances HARRIS, Appellant,**

v.

**Charles A. BORNE, M.D. and Donald F. Wagner, M.D., Appellees.**

No. 01–95–0354–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 2, 1995.

Joe A. Izen, Jr., Bellaire, for Appellant.

Steven Gonzalez, Thomas S. Hornl, Matt McCracken, John R. Shepperd, Houston, for Appellees.

Before COHEN, WILSON and ANDELL, JJ.

## ORDER

PER CURIAM.

The appellees have filed a motion to dismiss asserting that the appellant did not timely perfect her appeal. They contend that the appellant did not file a motion for extension to file the affidavit of inability to pay costs with this Court.

For this Court to grant an extension to perfect an appeal, the appellant must file the instrument required to perfect appeal and the motion for extension of time no later than 15 days after the last date for filing the instrument. *Ludwig v. Enserch Corp.*, 845 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, no writ); TEX.R.APP.P. 41(a)(2).

This appeal had not been assigned to either the First or Fourteenth Court of Appeals on the last day for perfecting appeal or during the 15-day period for filing a motion for extension. The appellees concede that the affidavit of inability was filed within the 15-day extension period. They also concede that appellant filed a motion for extension with the Fourteenth Court of Appeals within the 15-day extension period. They claim that the appeal should be dismissed because appellant did not file a motion for extension with this Court within this period.

In *Johnson v. Sprint Transportation, Inc.*, 811 S.W.2d 953 (Tex.App.—Houston [1st Dist.] 1991, no writ), we addressed a similar situation. There this Court was confronted with a motion to file the record that was timely filed with the Fourteenth Court of Appeals before assignment of the appeal, but was not timely filed with this Court. The appeal was subsequently assigned to this Court. Like the motion for extension to perfect the appeal, a motion for extension to file the record must be filed not later than 15 days after the last day for filing, otherwise

the court has no authority to grant an extension.

This Court concluded:

Until the contest to the affidavit of inability to pay costs was ruled on, neither the parties nor the appellate courts knew to which of the two appellate courts in Harris County appellants' appeal would be assigned. Therefore, in such a situation, the filing of a motion for extension of time to file the record on appeal in both the First and Fourteenth Courts of Appeals is appropriate. *We will consider the motion to extend that appellant offered for filing in this Court (and which was actually filed in the Fourteenth Court of Appeals) as properly filed in this Court.*

*Johnson,* 811 S.W.2d at 955 (emphasis added). The distinguishing factor is Johnson initially attempted to file the motion with the First Court, but was directed to the Fourteenth Court.

Here, the clerk of the Fourteenth Court of Appeals delivered to us appellant's motion for extension after appellee's motion to dismiss was filed. The motion for extension is file marked "received" by that court on March 7, 1995 and is captioned "IN THE FIRST/FOURTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT HOUSTON, TEXAS." The motion is also file marked "March 7, 1995" in this Court although it was not delivered until mid-April 1995.

■ This Court may take judicial notice of its own practices. TEX.R.CIV.EVID. 201 (judicial notice of adjudicative facts may be taken at any stage in a proceeding); *see Eggenberger v. Brandenberger,* 74 Tex. 274, 11 S.W. 1099, 1100 (1889).[1] Where the clerks

of the First and Fourteenth courts receive motions or the record in an appeal that has been assigned to the other court, their practice is to deliver them to the clerk of the court receiving the assignment. The clerk of the assigned court will file stamp them with the date the other clerk received them. Thus, the clerks act as agents for one another.

■ An instrument is deemed filed with a clerk once it is received by her agent. *See Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,* 787 S.W.2d 371, 372 (Tex.1990); *Standard Fire Ins. Co v. LaCoke,* 585 S.W.2d 678, 681 (Tex.1979); *Gonzalez v. Vaello,* 91 S.W.2d 904, 905 (Tex.Civ.App.—San Antonio 1936, writ dism'd).[2] *Mr. Penguin* involved a motion for new trial that was delivered before the filing deadline to the court administrator rather than to the district clerk. The district clerk file stamped it after the deadline passed. *Mr. Penguin,* 787 S.W.2d at 371. In *LaCoke,* a petition arrived at the post office on the day of the filing deadline, but delivery was delayed until the next day per a deputy district clerk's instructions. *LaCoke,* 585 S.W.2d at 680. The petition in *Gonzalez* was picked up at the post office by the courthouse janitor before the filing deadline. The clerk received and filed the petition after the deadline had passed. *Gonzalez,* 91 S.W.2d at 905. In each case, the motion or petition was addressed to the clerk and the reviewing court deemed the instrument timely filed as of the time it was received by the agent. The appellants "had done all [they] could to timely file the instrument[s], the instrument[s] were in the custody and control of the clerk[s]" and any delays

---

1. In *Eggenberger,* the offices of district clerk and county clerk were held by one person—Wilson Hey. *Eggenberger,* 11 S.W. at 1100. Hey erroneously filed a petition as county clerk rather than as district clerk. *Id.* The supreme court stated that courts are presumed to know the signatures of their clerks, in effect, holding that the district court could judicially notice Hey's signature as that of the district clerk's. *Id.* Interestingly, the Court did not address the fact that it took judicial notice as well:

It may be a fact that Mason is one of the counties in which the offices of clerk of the

District Court and clerk of the County Court may be held by one person; and it is probable that at the time his [petitioner's] suit was filed Hey was the incumbent of both offices. *Id.*

2. We note that the same rule applies in criminal cases. *Moore v. State,* 840 S.W.2d 439, 441 (Tex.Crim.App.1992). In *Moore,* a central receiving department handled the mail for the district clerk. *Moore,* 840 S.W.2d at 440.

were not the fault of the appellants. *See LaCoke,* 585 S.W.2d at 681.[3]

Because the motion for extension was directed to this Court and timely filed with the clerk of the Fourteenth Court of Appeals who was acting as the agent of this Court's clerk, we conclude that the motion for extension was timely filed with this Court.

The appellees' motion to dismiss is denied.

---

**3.** In *Penguin,* the court also noted that the documents in all three cases would have been timely filed but for a delay caused by a court house employee. 787 S.W.2d at 372. We also note in *Johnson* that the delay in filing was caused by court personnel. This factor is also present here—the appellant would have known the court in which to file the motion but for the delay of a court house employee. *See* Tex. Gov't Code Ann. § 22.202(h) (Vernon 1988) (*"When a notice of appeal or appeal bond is filed,* the trial court clerk ... *shall assign the case* ... to the court of appeals....") (emphasis added).