**The STATE of Texas, Appellant**

v.

**Gregory CASTLE, Appellee.**

**No. 01–95–00604–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 25, 1996.

Rehearing Overruled Feb. 1, 1996.

Discretionary Review Refused April 10, 1996.

Sam Maida, Houston, for Appellant.

John B. Holmes, District Attorney and Calvin Hartmann, Assistant District Attorney, for Appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

PER CURIAM.

This is an appeal by the State from an allegedly illegal sentence. The State has filed a motion for extension to file the transcript.

This Court issued an order concluding that the transcript did not appear to be timely filed and gave the State 10 days to file a response showing that it was. The State has filed a response.

The State contends that Tex.R.App.P. 54(b) does not restrict this Court's authority to consider a late transcript as its civil counterpart, rule 54(a), does. The State is correct that the wording of the subsections differs. Rule 54(a) contains the following language, which rule 54(b) does not.

> The court has authority to consider all timely filed transcripts and statements of facts, but shall have no authority to consider a late filed transcript or statement of facts, except as permitted by this rule.

The exception referred to is rule 54(c), which requires a motion for extension to file the transcript to be filed not later than 15 days after the last day for filing the record.

While rule 54(b) does not expressly limit this Court's authority to consider a late filed transcript, Tex.R.App.P. 83 does.

> A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities *provided the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54* . . . .

(Emphasis added.) The rule then provides an exception for appellants in criminal cases who can show ineffective assistance of counsel if a late transcript or statement of facts is not considered.[1] Thus, the omission in rule 54(b) of the language expressly limiting this Court's authority to consider a late filed transcript and statement of facts can be attributed to the exception made for appellants in criminal cases allowing an appellate court to consider a late record when the requirements of rule 54(c) have not been met.

Because the State has not shown that it filed a timely motion for extension pursuant to rule 54(c), we deny the motion for extension. Because we have no transcript, we have nothing to review, and we dismiss the appeal.

---

1. In our previous order, we determined that this exception is not applicable to the State.