The STATE of Texas, Appellant,

v.

Latun THOMAS, Appellee.

No. 05–96–01664–CR.

Court of Appeals of Texas,
Dallas.

Jan. 31, 1997.

Lawrence G. Boyd, Dallas, for appellant.

Tom O'Connell, Criminal District Attorney, McKinney, for appellant.

Before THOMAS, C.J., and MALONEY and HANKINSON, JJ.

## OPINION

HANKINSON, Justice.

The State appeals the trial court's order granting Latun Thomas's motion to suppress the results of his intoxilyzer breath test and related evidence. Appellee claims the State obtained this evidence in violation of federal and state law. The appellate record, however, was not filed on its due date, September 23, 1996. Instead, the transcript and the statement of facts were tendered on October

2, 1996 and October 4, 1996, respectively. The Clerk of this Court notified the State by letters that neither the transcript nor the statement of facts was timely filed. The State complains that it did not receive these letters until October 28 or 29, 1996. On November 4, 1996, the State filed a motion to extend the deadline for filing the transcript, statement of facts, and the State's brief. On November 7, 1996, we granted the State's motion and ordered the transcript, statement of facts, and the State's brief filed. Appellee then filed a motion asking us to: (1) reconsider and vacate this Court's order granting the State's motion to extend the deadlines; (2) strike the transcript, statement of facts, and the State's brief; and (3) dismiss the appeal. Because we agree that this Court has no authority to consider an untimely filed record in a State's appeal unless the State timely moves to extend the time for filing the record, we grant appellee's motion in part.

■ If, as in this case, a motion for new trial has not been filed, the transcript and the statement of facts shall be filed within sixty days of the date the trial court (1) imposes or suspends sentence in open court, or (2) signs an appealable order. TEX.R.APP. P. 54(b). Generally, an appellate court may only extend this deadline if the appellant files an extension motion "not later than fifteen days after the last date for filing the record." TEX.R.APP. P. 54(c). Our authority to grant extension motions is limited by Texas Rule of Appellate Procedure 83, which provides that an appellate court:

> may make no enlargement of time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and except that in a criminal case an appellate court may permit the transcript or statement of facts to be filed late if the appellant shows that otherwise it may be deprived of the effective assistance of counsel.

TEX.R.APP. P. 83. Thus, this Court lacks authority to grant extension motions filed more than fifteen days after the record was due, unless the exception found in rule 83 applies.

Appellee contends that we violated rule 83 when we originally granted the State's request to extend the deadline to file the transcript and the statement of facts because the exception found in rule 83 does not apply to the State and the State did not comply with rule 54(c). Both the First and Third Courts of Appeals have adopted appellee's position and held that the exception found in rule 83 does not apply to the State. *State v. Castle*, 923 S.W.2d 654, 655 (Tex.App.—Houston [1st Dist.] 1995, no pet.)(per curiam); *State v. Pope*, 800 S.W.2d 954, 954 (Tex.App.—Austin 1990, no pet.); *see also State v. Sanchez*, 764 S.W.2d 920, 921 (Tex.App.—Austin 1989, no pet.). Instead, the State must comply with the requirements set out in rule 54(c). *Castle*, 923 S.W.2d at 655; *see Pope*, 800 S.W.2d at 954. The State offers no reason to either distinguish these cases or conclude that the First and Third Courts of Appeals misapplied the rules of appellate procedure. Nor do we discern any compelling reason to differ with our sister appellate courts.

The exception in rule 83 applies only when an appellant shows he would otherwise be deprived of the effective assistance of counsel. *See* TEX.R.APP. P. 83. The right to effective assistance of counsel derives from the Sixth Amendment to the United States Constitution and article 1, section 10 of the Texas Constitution. *See Marin v. State*, 801 S.W.2d 944, 953 (Tex.App.—Austin 1990), *vacated on other grounds*, 851 S.W.2d 275 (Tex. Crim.App.1993). Both constitutional provisions protect and guarantee criminal defendants' rights. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Neither constitutional provision extends its guarantees to the State. Consequently, we hold that the exception found in rule 83 does not apply to the State and cannot be invoked when the State has not timely filed the appellate record or complied with rule 54(c). We thus agree with appellee that we had no power to grant the State's motion to extend the deadline to file the transcript and statement of facts.

■ Ignoring rule 83's limitation on this Court's power to grant extension motions, the State offers two reasons to deny appellee's motion. First, relying on Texas Rule of Appellate Procedure 71, the State claims that appellee waived error, if any, because he did not timely file his motion. We disagree.

Rule 71 provides that "[a]ll motions related to informalities in the manner of bringing a case into court shall be filed within thirty days after the filing of the transcript in the court of appeals; otherwise the objection shall be considered as waived, if it can be waived by the party." TEX.R.APP. P. 71. Rule 71 does not apply in this case because the State's failure to file a timely motion to extend the deadline to file the appellate record is not a mere informality that can be waived. Under the facts of this case, the Texas Rules of Appellate Procedure declare that we had no authority to grant the State's extension motion. The State cannot rely on waiver rules to accomplish a result that the Texas Rules of Appellate Procedure expressly forbid.

 Next, the State argues that the Clerk of this Court's alleged failure to timely notify it that the record was filed late excused its failure to comply with rule 54(c). Whether the Clerk of this Court informed the State that the record was filed late is immaterial. The State, as the appellant, had the burden to ensure that the record was properly filed in this Court. *See* TEX.R.APP. P. 50(d). We have previously held in a civil case that "failure of the clerk to notify appellant that the statement of facts is late does not excuse the appellant from his burden of ensuring the statement of facts is properly before the court of appeals." *Smith v. Grace,* 919 S.W.2d 673, 676 (Tex.App.—Dallas 1996, writ denied). We now similarly hold that, in a State's appeal, the clerk's failure to notify the State that the transcript and the statement of facts were filed late does not relieve the State of its burden to ensure that the record or any extension motions are timely filed.

In this case, although the appellate record was due in this Court on September 23, 1996, the transcript was not tendered until October 2, 1996, and the statement of facts was not tendered until October 4, 1996. No motion for extension was filed within fifteen days after the record was due as required by rule 54(c), and thus we had no authority to consider the State's November 4, 1996 motion to extend the deadline for filing the appellate record. We should not have originally granted the State's extension request. We now

vacate that order, grant appellee's motion to strike in part and strike the transcript and the statement of facts, and deny as moot that part of appellee's motion that asks us to strike the State's brief. Because we have no transcript or statement of facts, we have nothing to review and we dismiss this appeal. *See State v. Castle,* 923 S.W.2d 655, 656 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd)(per curiam).