Affirmed and Memorandum Opinion filed July 31, 2003









Affirmed and Memorandum Opinion filed July 31, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01117-CR

____________

 

RIGEOBERTO SANCHEZ ESPARZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 893,403

 



 

M E M O R A N D U M   O
P I N I O N

Appellant pleaded guilty to a felony offense of possession of
a controlled substance, and the trial court assessed twenty-two years= confinement in the Texas Department
of Criminal Justice, Institutional Division, and a one thousand dollar
fine.  On appeal, appellant complains
that his guilty plea was made involuntarily and that, as a result, the trial
court erred in denying his motion for a new trial.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded guilty to the offense of delivery of a
controlled substance weighing at least four hundred grams, and did so without a
plea agreement from the State regarding his sentence.  After the pre-sentence investigation hearing,
the trial court sentenced appellant to twenty-two years= confinement and a one thousand
dollar fine.  

Appellant delivered a pro-se motion for new trial, which was
then transferred to the district court and filed almost two weeks later. After
conducting a hearing, the trial judge denied appellant=s motion for new trial. 

In his sole point of error, appellant contends that his
guilty plea was made involuntarily. In making this contention, he claims that
his trial counsel improperly promised him that he would be sentenced to the
minimum sentence (15 years) if he pleaded guilty without an agreed
recommendation as to punishment. 

DISCUSSION

A defendant=s guilty plea must be made freely, voluntarily, and
knowingly.  Ex parte
Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).  In determining whether a guilty plea is
voluntary, this Court considers the totality of the circumstances. George v.
State, 20 S.W.3d 130, 135 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).

Before accepting a guilty plea, a trial court must admonish
the defendant in accordance with article 26.13 of the Code of Criminal
Procedure, either orally or in writing, to assure that the defendant understands
the charges against him and the consequences of his plea.  Ex parte Gibauitch, 688 S.W.2d 868,
870 (Tex. Crim. App. 1985); Tex. Code Crim. P. Ann. Art. 26.13 (Vernon 1989). 








Proper admonishment by the trial court establishes a prima
facie showing that the defendant entered into a knowing and voluntary plea. George,
20 S.W.3d at 135. 
A defendant may, of course, still raise the claim that his plea was not
voluntary, but the burden shifts to him to demonstrate that he did not fully
understand the consequences of his plea. 
See Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998).  Further, when a
defendant affirmatively indicates at the plea hearing that he understands the
proceeding=s nature and is pleading guilty
because the allegations in the indictment are true, not because of any outside
pressure or influence, he has a heavy burden to prove that his plea was
involuntary.  George, 20 S.W.3d at 135. 

Here, appellant was admonished, in writing, by the
court.  Appellant signed those
admonishments, which included the range of punishment, the waiver of trial by
jury, representations that he understood the consequences of his plea, that he
was mentally competent, that he made his plea freely and voluntarily, and that
he was satisfied with his counsel=s representation.  The record is silent as to any deviation from
the proper admonishment procedures, and there is nothing in the plea papers to
indicate that the plea was involuntary. 
As such, the trial court=s admonishments substantially complied with the requirements
of the Code of Criminal Procedure, and, therefore, there is a strong
presumption that appellant=s plea was voluntary. 
And since appellant affirmed that he understood the nature of the
hearing and plea, he has a heavy burden to show that the plea was involuntary. 

The only evidence appellant has presented of any
misrepresentation is a hand-written affidavit in which he described the alleged
promises that trial counsel made to him.[1]  Appellant=s affidavit states that “[h]e told me
I would not get no more than 15 years.” 
And according to appellant=s account, counsel also threatened to
walk out on the case if appellant did not sign the guilty plea.








Appellant=s story is in direct conflict with that of his trial counsel,
who filed his own sworn affidavit.  In
his affidavit, counsel explains that he had numerous conversations with
appellant, in which he explained appellant=s options and the risks involved with
each option, as well as the full range of punishment.  Furthermore, trial counsel goes on to say
that he never made any promise to appellant about a specific amount of
penitentiary time.  And that he informed
appellant, on more than one occasion, that the judge could sentence appellant
anywhere within the full range of punishment. Based on these conversations with
appellant, trial counsel believed that appellant had a full understanding that the
judge could sentence him to any number of years within the punishment range. 

In this case, there is much direct as well as circumstantial
evidence to indicate that the plea was entered freely and voluntarily.  Given the conflicting affidavits, and the totality
of the circumstances, the trial judge could have reasonably decided that
appellant=s guilty plea was made knowingly and
voluntarily.  See Evans, 690 S.W.2d at 276.  As
such, the appellant has not met his high burden to show that the plea was
involuntary, and, therefore, we hold that the trial court did not abuse its
discretion in denying appellant=s motion for a new trial.

We overrule appellant=s issue and affirm the judgment of
the trial court. 

 

/s/        Wanda McKee
Fowler

Justice

 

 

Judgment rendered and Memorandum
Opinion filed July 31, 2003.

Panel consists of Chief Justice
Brister, Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  The State
argues that this affidavit is untimely, and therefore a nullity. But since appellant
delivered his motion for new trial on October 16th, and any delay was the fault
of the court, the October 29th filing date does not render the affidavit a
nullity.  Harris v. Borne, 933
S.W.2d 535, 537B38 (Tex. App.CHouston [1st Dist.] 1992, no writ).